489 A.2d 1307

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Benjamin GOLDHAMMER, Appellee.**

Supreme Court of Pennsylvania.

Argued Jan. 22, 1985.

Decided March 29, 1985.

238

Eric B. Henson, Deputy Dist. Atty., Gaele M. Barthold (Chief/Prosecution), Marianna C. Sorensen, Asst. Dist. Attys., for appellant.

Stanford Shmukler, Philadelphia, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDER-MOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION

NIX, Chief Justice.

In the instant matter the Commonwealth appeals an order of the Superior Court in which thirty-four (34) of appellee's fifty-six (56) theft convictions were reversed on the ground that they were barred by a two-year statute of limitations. 42 Pa.C.S. § 5552(a). 322 Pa.Super. 242, 469 A.2d 601. The Commonwealth's primary argument is that the statute of limitations was tolled when it alleged in the information that the offense contained as a material element either fraud or breach of fiduciary obligation thereby constituting an exception under 42 Pa.C.S. § 5552(c)(1). In the alternative, the Commonwealth contends that this Court should order a remand instructing the trial court to resentence appellee on the remaining convictions.

### I.

For approximately four years Appellee Goldhammer provided a relatively comfortable life for his family while working as controller for Lessner and Company, Inc. ("Lessner"). One day in February, 1979, however, appellee suffered a heart attack while on vacation in Las Vegas. From that point his fortunes changed. During Mr. Goldhammer's absence due to illness the president of Lessner, Henry J. Lessner, began to review the company's bank statements and cancelled checks and discovered irregularities. It was determined that between November, 1974 and January, 1979, appellee had augmented his less-than-Fifteen Thousand-Dollar-($15,000)-per-year salary by some Two Hundred Twenty Thousand Dollars ($220,000). He had, without authorization, signed his name and forged the signature of the company's secretary-treasurer to fifty-six (56) corporate checks which he either cashed or deposited in his personal checking account. To conceal his crimes, appellee

falsified the company books to reflect that the checks were drawn to pay various company accounts.

A criminal complaint was issued against appellee on October 1, 1979. Informations were later returned against appellee charging fifty-six (56) counts each of theft by unlawful taking, 18 Pa.C.S. § 3921; forgery, 18 Pa.C.S. § 4101; and theft by failure to make required disposition of funds received, 18 Pa.C.S. § 3927. The numerous informations charging theft by unlawful taking each stated:

The District Attorney of Philadelphia County does further inform that the above offense contains a material element which is either fraud or breach of fiduciary obligation and constitutes an exception under Section 108 of the Crimes Code and 42 Pa.C.S.A. § 5552.

At the preliminary hearing appellee filed an omnibus motion requesting, *inter alia*, that all of the theft charges be quashed on the ground that they were barred by the statute of limitations. This motion was denied and, on November 24, 1980, appellee was convicted of the fifty-six (56) counts each of theft by unlawful taking and forgery.[1] Appellee was initially sentenced on March 3, 1981 to two consecutive one-to-five-year prison terms representing conviction on one theft count and one forgery count. Sentence was suspended on the remaining counts. Upon reconsideration, however, the court imposed only a two-to-five-year prison term for the theft count and imposed a concurrent five-year probation for the forgery count. Sentence was again suspended on the remaining counts.

On November 10, 1983, the Superior Court vacated all of appellee's theft convictions for crimes committed before October, 1977 on the ground that they were barred by the two-year statute of limitations provided for in section 5552(a). Included among the convictions reversed was the one and only count on which appellee was sentenced to serve a prison term. The Commonwealth appealed to this

1. Appellee was acquitted of the fifty-six (56) counts of theft by failure to make required disposition of funds received, 18 Pa.C.S. § 3927.

Court and we granted review.[2] For the following reasons we now affirm the decision below.

## II.

We address first whether under section 5552 the Commonwealth could extend the two-year limitation period for the offense of theft by unlawful taking by alleging in the information that such offense contains as a material element either fraud or breach of fiduciary duty. While the question before us has been touched upon by the Superior Court, *see, e.g., Commonwealth v. Hawkins,* 294 Pa.Super. 57, 439 A.2d 748 (1982); *Commonwealth v. Eackles,* 286 Pa.Super. 146, 428 A.2d 614 (1981); we have yet to lend our guidance on this issue. We will begin our analysis by briefly discussing the role of the statutes of limitations in Pennsylvania criminal law.

■ The statute of limitations, which provides predictable legislatively enacted limitations on prosecutorial delay, is the primary guarantee against the bringing of overly stale criminal charges. *United States v. Lovasco,* 431 U.S. 783, 789, 97 S.Ct. 2044, 2048, 52 L.Ed.2d 752 (1977). As we stated in *Commonwealth v. Cardonick,* 448 Pa. 322, 292 A.2d 402 (1972):

> The Supreme Court observed in *Toussie v. United States,* 397 U.S. 112, 90 S.Ct. 858 [25 L.Ed.2d 156] (1970): "The purpose of a statute of limitations is to limit exposure to criminal prosecution to a certain fixed period of time following the occurrence of those acts the legislature has decided to punish by criminal sanctions. Such a limitation is designed to protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far-distant past. Such a time limit may also have the salutary effect of encouraging law enforcement officials promptly to investigate suspected

---

**2.** This Court is vested with jurisdiction of this discretionary appeal pursuant to 42 Pa.C.S. § 724.

criminal activity." *Id.* at 114–15, 90 S.Ct. at 860. The burden of defending against long completed conduct is onerous because "[a]s time passes, witnesses upon whom the defendant may need to rely die or move away; events are forgotten and records lost, particularly if the events seemed unimportant at the time of occurrence." Note, The Statute of Limitations in Criminal Law: A Penetrable Barrier to Prosecution, 102 U.Pa.L.Rev. 630, 632 (1954). *Id.*, 448 Pa. at 332–33, 292 A.2d at 407–08.

We have concluded, therefore, that statutes of limitations must be liberally construed in favor of the defendant and against the Commonwealth. *Id.*, 448 Pa. at 330, 292 A.2d at 407.

With that standard of construction in mind, we now turn to an examination of the pertinent parts of the statute of limitations involved in the case at bar. Prior to the amendment of May 13, 1982,[3] 42 Pa.C.S. § 5552 provided in pertinent part:

**§ 5552. Other offenses**

**(a) General rule.**—Except as otherwise provided in this subchapter, a prosecution for an offense other than murder or voluntary manslaughter must be commenced within two years after it is committed.

**(b) Major offenses.**—A prosecution for any of the following offenses under Title 18 (relating to crimes and offenses) must be commenced within five years after it is committed:

Section 3123 (relating to involuntary deviate sexual intercourse).

Section 3301 (relating to arson and related offenses).

Section 3502 (relating to burglary).

**3.** Subsection (b) of section 5552 now provides in pertinent part:
**(b) Major offenses.**—A prosecution for any of the following offenses must be commenced within five years after it is committed:
(1)
. . . .
Section 3921 (relating to theft by unlawful taking or disposition. . . .)
. . . .
42 Pa.C.S. § 5552(b)(1) (Supp.1984–85).

Section 3701 (relating to robbery).

Section 4101 (relating to forgery).

Section 4902 (relating to perjury).

(c) **Exceptions.**—If the period prescribed in subsection (a) or subsection (b) has expired, a prosecution may nevertheless be commenced for:

(1) Any offense a material element of which is either fraud or a breach of fiduciary obligation within one year after discovery of the offense by an aggrieved party or by a person who has a legal duty to represent an aggrieved party and who is himself not a party to the offense, but in no case shall this paragraph extend the period of limitation otherwise applicable by more than three years.

. . . .

 Under a plain meaning interpretation of this statute, the two-year limitation period is excepted if the offense charged contains as a material element either fraud or a breach of fiduciary obligation. Thus we must determine whether theft by unlawful taking contains as a material element either fraud or a breach of fiduciary obligation.

Theft by unlawful taking is statutorily defined by 18 Pa.C.S. § 3921:

§ **3921. Theft by unlawful taking or disposition**

(a) **Movable property.**—A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof.

(b) **Immovable property.**—A person is guilty of theft if he unlawfully transfers, or exercises unlawful control over, immovable property of another or any interest therein with intent to benefit himself or another not entitled thereto.

The legislature has defined "Material element of an offense" at section 103 of the Crimes Code:

An element that does not relate exclusively to the statute of limitations, jurisdiction, venue or to any other

matter similarly unconnected with: (1) the harm or evil incident to conduct, sought to be prevented by the law defining the offense; or (2) the existence of a justification or excuse for such conduct.

18 Pa.C.S. § 103.

Thus to be considered a material element of the crime of theft by unlawful taking, fraud or breach of fiduciary duty must be connected with the harm or evil sought to be prevented by section 3921 of the Crimes Code, 18 Pa.C.S. § 3921, namely, the unlawful taking of the property of another. We find no such nexus exists.

First, it is clear that section 3921 on its face makes neither fraud nor breach of fiduciary duty an element required to sustain a conviction for theft by unlawful taking. Under subsection (a) of section 3921, the Commonwealth must prove that the defendant (1) unlawfully took or exercised control over (2) the movable property of another (3) with intent to deprive him thereof. Subsection (b) requires proof that the defendant (1) unlawfully transferred or exercised control over (2) immovable property of another or any interest therein (3) with intent to benefit himself or a third party not entitled to such benefit. Neither the manner in which the unlawful taking, transfer or exercise of control is accomplished nor the relationship between the defendant and the property owner need be shown in order to establish that the defendant has committed the offense. Thus neither fraud nor breach of fiduciary duty is an element of the Commonwealth's case-in-chief.

Second, while the legislature properly seeks to discourage fraudulent conduct and violation by fiduciaries of their entrusted duties, *see generally* Chapter 41 of the Crimes Code, 18 Pa.C.S. §§ 4101 *et seq.*, the conduct made culpable under section 3921 is the deliberate and unlawful taking of someone else's property for oneself. We discern no relevant connection between fraud or breach of fiduciary duty and "the harm or evil incident to conduct, sought to be prevented by the law defining the offense." 18 Pa.C.S. § 103. Thus we conclude that neither fraud nor breach of

fiduciary duty may be deemed a "material element of the offense" of unlawful taking for purposes of section 5552(c) of the Judicial Code, 42 Pa.C.S. § 5552(c).

 The Commonwealth, relying on *Commonwealth v. Eackles, supra,* argues that an allegation in any information that fraud or breach of fiduciary duty is a material element of the offense is sufficient to toll the statute of limitations under section 5552(c)(1). In *Eackles* the Commonwealth failed to include such an allegation in its information but sought to invoke the exception on the basis of evidence adduced at trial. The Superior Court held that "[w]hen the Commonwealth seeks to toll the statute under this section, it must allege the exception in the information or otherwise apprise defendant within a reasonable time that it intends to toll the statute of limitations." *Commonwealth v. Eackles, supra,* 286 Pa.Super., at 155, 428 A.2d at 619. With this holding we have no quarrel. Clearly the defendant must be given notice of the Commonwealth's intention to seek to toll the statute of limitations. *See Commonwealth v. Stockard,* 489 Pa. 209, 413 A.2d 1088 (1980). Notice alone, however, is not dispositive. There remains the substantive requirement that the allegation must be a correct statement of the law. In other words, it must not only be pleaded that the offense contains a material element of fraud or breach of fiduciary duty, the definition of the offense must also include such an element. A contrary rule would undermine the policies underlying the two-year statute of limitations and, in effect, permit the Commonwealth to extend the statute of limitations for the prosecution of any offense merely by reciting in the information the boilerplate allegation that the offense contained a material element of fraud or breach of fiduciary duty, regardless of whether the offense charged in fact contains such an element.

 The Commonwealth in essence is contending that we should interpret section 5552(c)(1) as providing for its application whenever under the given facts of the case the offense was accomplished by fraud or a breach of fiduciary

obligation. While this may well have been a reasonable approach for the legislature to have followed, the fact remains that they did not choose to employ such a formulation. The legislature expressly required that the fraud or breach of a fiduciary obligation be "a material element." Their intent was further clarified by an express definition of the term "material element of an offense." To ignore such an explicit expression of legislative intent would require that we overlook even the most basic precepts of statutory construction. *See Zimmerman v. O'Bannon*, 497 Pa. 551, 442 A.2d 674 (1982); *In re Fox's Estate*, 494 Pa. 584, 431 A.2d 1008 (1981); *In re Stegmaier's Estate*, 424 Pa. 4, 225 A.2d 566 (1967); *Commonwealth v. Rieck Investment Corp.*, 419 Pa. 52, 213 A.2d 277 (1965); *Davis v. Sulcowe*, 416 Pa. 138, 205 A.2d 89 (1964); *Southwest Delaware County Municipal Authority v. Aston Township*, 413 Pa. 526, 198 A.2d 867 (1964); *Milk Control Commission v. Penn Fruit Co.*, 410 Pa. 242, 188 A.2d 705 (1963); *Rich v. Meadville Park Theatre Corp.*, 360 Pa. 338, 62 A.2d 1 (1948); *Commonwealth v. Sun Ray Drug Co.*, 360 Pa. 230, 61 A.2d 350 (1948); *Palmer v. O'Hara*, 359 Pa. 213, 58 A.2d 574 (1948); *Commonwealth ex rel. Cartwright v. Cartwright*, 350 Pa. 638, 40 A.2d 30 (1944). This we decline to do.

■ Since neither fraud nor breach of fiduciary duty is an element of theft by unlawful taking as that crime has been defined by the legislature, the Commonwealth could not properly invoke section 5552(c)(1) to toll the applicable two-year statute of limitations. The Superior Court's order reversing the thirty-four (34) convictions for thefts committed more than two years prior to the filing of the criminal complaints must therefore be affirmed.

### III.

In the alternative, the Commonwealth urges this Court to remand the case to the trial court for resentencing on the remaining theft and forgery convictions. The Commonwealth states in its brief, "Unless this Court reverses that

decision, and at least permits a resentencing proceeding, defendant will escape the prison sentence which the trial court intended he serve despite the affirmance of fifty-six (56) forgery convictions and twenty-two (22) theft convictions." Appellant's brief at 12. The Commonwealth maintains that the present result allows appellee to "effectively escape punishment" and defeats "the trial court's clear intention to punish defendant's entire criminal course of conduct." *Id.* at 6. Nevertheless, our focus here is not upon the outrage that one convicted of seventy-eight (78) counts may never serve a day behind bars. Rather we must determine whether we can jurisdictionally and constitutionally grant the relief sought by the Commonwealth.

■ We must first address appellee's contention that the issue of resentencing is not properly before this Court. Appellee argues that, because he did not appeal the Superior Court's affirmance of the judgments of sentence on his forgery convictions, those sentences are final and may not be disturbed on appeal to this Court. This argument misapprehends the posture of the instant appeal. The legitimacy of those judgments of sentence and their underlying convictions is not at issue. Rather, the Commonwealth is arguing that the Superior Court erred in failing to remand this case for resentencing upon its reversal of the convictions and sentences on the theft charges. Thus this assignment of error relates not to the judgments of sentence upheld by the Superior Court but to the proper course of action to be taken by that court in the wake of its invalidation of the prison sentence imposed. Such a question of law is a proper subject for our review.

■ We must now determine whether a remand for resentencing in the instant case would offend the constitutional protections against double jeopardy.[4] Specifically,

---

4. In *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), the double jeopardy clause of the Fifth Amendment to the United States Constitution was held applicable to the states through the Fourteenth Amendment. Article I § 10 of the Constitution of this Commonwealth affords protection co-extensive with that afforded

the question before us is whether a defendant who, through successful appeal, has had some of his convictions vacated on the ground that the counts were barred by the statute of limitations, may be resentenced to increased terms on his remaining convictions. Presently appellee is serving five years' probation for one count of forgery with sentence suspended on all remaining counts.[5] A review of case law in this area leads us to the conclusion that such resentencing would amount to double jeopardy.

## A.

It long has been recognized that the constitutional guarantee barring double jeopardy protects against multiple punishments for the same offense. *Illinois v. Vitale*, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980); *United States v. Wilson*, 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975); *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); *Ex parte Lange*, 85 U.S. (18 Wall) 163, 21 L.Ed. 872 (1874); *Commonwealth v. Zoller*, 507 Pa. 344, 490 A.2d 394 (1985); *Commonwealth v. Bostic*, 500 Pa. 345, 456 A.2d 1320 (1983); *Commonwealth v. Houtz*, 496 Pa. 345, 437 A.2d 385 (1981); *Commonwealth v. Tarver*, 493 Pa. 320, 426 A.2d 569 (1981); *Commonwealth v. Starks*, 490 Pa. 336, 416 A.2d 498 (1980); *Commonwealth v. Henderson*, 482 Pa. 359, 393 A.2d 1146

under the federal double jeopardy clause. *Commonwealth v. Zoller, et al.*, 507 Pa. 344, n. 1, 490 A.2d 394, n. 1 (1985); *Commonwealth v. Klobuchir*, 486 Pa. 241, 254 n. 12, 405 A.2d 881, 887–88 n. 12 (1979).

5. Under Pennsylvania law we have rejected the view that a suspended sentence is an indefinite suspension of the sentencing power which permits the imposition of a prison sentence at some later time. We have held that the entry of a suspended sentence is an exhaustion of the sentencing power. *See Commonwealth v. Duff*, 414 Pa. 471, 200 A.2d 773 (1964). Thus such judgments of sentence are final and subject to the constraints of the double jeopardy protection.

While a probationary sentence does permit the subsequent entry of a prison sentence, the power to impose that subsequent sentence arises only where the terms of the probation are violated. 42 Pa.C.S. § 9771(b); *Commonwealth v. Pierce*, 497 Pa. 437, 441 A.2d 1218 (1982); *Commonwealth v. Vivian*, 426 Pa. 192, 231 A.2d 301 (1967). Here, of course, there is no suggestion that the probationary terms have been violated.

(1978); *Commonwealth v. Walker,* 468 Pa. 323, 362 A.2d 227 (1976). Perhaps the strongest articulation of this principle is found in the 1878 United States Supreme Court decision in *Ex parte Lange, supra.* There the Court in holding that the trial court could not render second judgment against the prisoner after having once fully exercised its jurisdiction stated:

> If there is anything settled in the jurisprudence of England and America, it is that no man can be twice lawfully punished for the same offense. And though there have been nice questions in the application of this rule to cases in which the act charged was such as to come within the definition of more than one statutory offense, or to bring the party within the jurisdiction of more than one court, there has never been any doubt of its entire and complete protection of the party when a second punishment is proposed in the same court, on the same facts, for the same statutory offense.

*Id.,* 85 U.S. (18 Wall.), at 168.

Later in the same opinion the Court queried:

> But if, after judgment has been rendered on the conviction, and the sentence of that judgment executed on the criminal, he can be again sentenced on that conviction to another and different punishment, or to endure the same punishment a second time, is the constitutional restriction of any value?

*Id.* at 173.

In answer to its question the Court concluded, "... we do not doubt that the Constitution was designed as much to prevent the criminal from being twice punished for the same offense as from being twice tried for it." *Id.*

One notable exception to the maxim stated in *Ex parte Lange* has been where the defendant is granted a new trial following appeal. In *United States v. Ball,* 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300 (1896), the Court held that the constitutional guarantee against double jeopardy posed no limitation whatever upon the power to retry a defendant who has succeeded in getting his first conviction set aside.

Following *Ball*, it was held in *Stroud v. United States*, 251 U.S. 15, 40 S.Ct. 50, 64 L.Ed. 103 (1919), that a corollary of the power to retry a defendant is the power, upon the defendant's reconviction, to impose whatever sentence legally authorized, whether or not it is greater than the sentence imposed after the first conviction.

The *Stroud* holding was refined in *North Carolina v. Pearce, supra,* where the Court analyzed the constitutional limitations upon the imposition of a more severe punishment after conviction for the same offense upon retrial. The Court noted that the guarantee against double jeopardy imposes no restrictions upon the length of a sentence imposed upon reconviction. *Id.,* 395 U.S., at 719, 89 S.Ct. at 2077. The Court stated that the rationale for allowing resentencing is that the original conviction has, at the defendant's behest, been wholly nullified and the slate wiped clean. *Id.* at 720–21, 89 S.Ct. at 2078–79. Although the Court held that the double jeopardy provision does not pose an absolute bar to the imposition of a more severe sentence upon reconviction, it cautioned that due process requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. *Id.* at 725, 89 S.Ct. at 2080.

> Whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding.

*Id.* at 726, 89 S.Ct. at 2081.

■ The foregoing discussion of Supreme Court decisions establishes that a defendant cannot be twice lawfully sentenced for the same count unless at his behest he has been granted retrial and subsequently once again found guilty of the same count. Even in that situation, however, the constitution prohibits imposition of a more severe punishment than the original sentence unless the judge can

identify conduct on the part of the defendant occurring after the time of the original sentencing proceeding which warrants the imposition of a more severe sentence.

### B.

In the case at bar, however, we are not faced with the imposition of a more severe sentence following reconviction. Here sentences have been vacated on counts upon which, theoretically, appellee should never have been convicted. The Commonwealth now seeks to increase his remaining sentences. We reasoned in *Commonwealth v. Silverman,* 442 Pa. 211, 275 A.2d 308 (1971), *cert. denied,* 405 U.S. 1064, 92 S.Ct. 1490, 31 L.Ed.2d 794 (1972), that the *Pearce* rationale, allowing increased sentences after reconviction, did not apply where the court attempted to increase existing sentences. *Id.,* 442 Pa. at 217, 275 A.2d at 312. In *Silverman* the trial judge, after entertaining second thoughts, sought to increase the original sentence imposed upon the defendant. We ruled that a modification of a sentence imposed on a criminal defendant which increases the punishment is double jeopardy. *Id.*

The *Silverman* holding was followed in *Commonwealth v. Allen,* 443 Pa. 96, 277 A.2d 803 (1971), which also addressed the power of the court to alter and augment an existing sentence. In *Allen* the Commonwealth contended that the first sentence had been erroneously imposed and that the increase merely transposed the sentences to reflect the judge's true intention. *Id.,* 443 Pa. at 103, 277 A.2d 803. We reasoned:

> ... [T]he Supreme Court long ago concluded that increasing a sentence after the defendant has commenced to serve it is a violation of the double jeopardy clause, *Ex parte Lange,* 85 U.S. (18 Wall.) 163 [21 L.Ed. 872] (1873), and we are in agreement with those jurisdictions holding there is no exception to *Lange* in the situation where the increase is allegedly designed to reflect the judge's true intent: *United States v. Sacco,* 367 F.2d 368 (2d Cir. 1966); *Kennedy v. United States,* 330 F.2d 26 (9th Cir.

1964); *Duggins v. United States*, 240 F.2d 479 (6th Cir.1957). *See, also, United States v. Welty*, 426 F.2d 615 (3d Cir.1970); *United States v. Magliano*, 336 F.2d 817 (4th Cir.1964); *Ekberg v. United States*, 167 F.2d 380 (1st Cir.1948). Although *Bozza v. United States*, 330 U.S. 160 [67 S.Ct. 645, 91 L.Ed. 818] (1947), indicated judicial inadvertence in sentencing can be cured by increasing the sentence, that decision is inapposite for two reasons: (1) *Bozza's* original sentence was below the minimum mandatory sentence; and (2) the mistake was cured within five hours. Nor can the instant appeal be equated with the situation in *Com. v. Meyer*, 169 Pa.Superior Ct. 40, 82 A.2d 298 (1951), wherein it was held that a trial judge could correct a clerk's erroneous docket entry.

Lastly, we are of the opinion that such alleged inadvertence cannot be tolerated as a matter of public policy. As best stated by the Second Circuit, "[t]he possibility of abuses inherent in broad judicial power to increase sentences outweighs the possibility of windfalls to a few prisoners," 367 F.2d at 370.

*Id.*, 443 Pa. at 104–05, 277 A.2d at 807.

A few years later, we utilized the *Allen* reasoning in *Commonwealth v. Brown*, 455 Pa. 274, 314 A.2d 506 (1974). In that case the defendant was resentenced pursuant to a federal court order to eight and one-half to ten years for second degree murder. Three days later, however, the trial court amended his sentence, increasing the maximum term to twenty years. The defendant appealed the trial court's action raising double jeopardy claims under both the Fifth Amendment to the United States Constitution and Article I, Section 10 of the Pennsylvania Constitution. We held that the claim that the sentencing judge made a mistake is of "no aid to the Commonwealth and the increased sentence was unlawful as being violative of double jeopardy." *Id.*, 455 Pa. at 276, 314 A.2d at 508.

## C.

Here we are being requested to permit the trial court to alter a sentence legally imposed under an information be-

cause of a subsequent appellate court ruling vacating the sentence imposed on another information. We can perceive no reason why the double jeopardy implications would not apply here as well as in the case where there is an attempt to increase a sentence to cure an error made in its entry by inadvertence. There are in fact strong arguments to be advanced why the request of the Commonwealth is an even clearer double jeopardy violation than that presented under the facts of the *Brown* decision. Here there is no question that the sentence imposed was what the sentencing judge intended it to be. This is underscored under the instant facts where the sentences were as a result of a resentencing.

The emotional argument of the Commonwealth, suggesting that a grave injustice would occur if we deny this relief, pales upon a critical analysis of the fact of this case. The trial court at resentencing had before him seventy-eight (78) informations upon which sentences could have been imposed. The challenged validity of the theft charges was raised at the pretrial stage and was known to and ruled upon by the trial judge in the disposition of post-verdict motions. The trial court initially imposed a prison sentence on one theft count and one forgery count. In this factual setting the plea that the result reached by the Superior Court frustrated the trial judge's intent rings hollow. Here the trial judge elected after reconsideration to impose the prison sentence on only one of seventy-eight (78) charges and the one chosen was one he knew was being challenged as being barred by the statute of limitations.[6]

Having previously concluded that double jeopardy prohibits a judge from: increasing an existing sentence where the judge, upon further reflection, determined that the sentence imposed was inadequate, *Commonwealth v. Silverman,*

---

6. It should also be noted that the sentencing judge resentenced appellee to a term of probation on the forgery count so that appellee would be eligible for parole sooner. Moreover, that judge stated on the record that he would not oppose a work release program for appellee if such a program was recommended by the Board of Probation and Parole.

*supra;* increasing an existing legal sentence to reflect the judge's true intention, *Commonwealth v. Allen, supra;* or increasing a maximum sentence to cure an illegal minimum sentence, *Commonwealth v. Brown, supra;* it would be inexplicable to conclude that the Commonwealth's request in this appeal meets constitutional mandate.

For the reasons expressed above, we affirm the order of the Superior Court.

McDERMOTT, J., dissents.