## PENNSYLVANIA *v.* GOLDHAMMER

No. 84–1852.   Decided November 12, 1985

PER CURIAM.

The Supreme Court of Pennsylvania held below that the Double Jeopardy Clause of the Fifth Amendment of the

United States Constitution barred the resentencing of respondent. 507 Pa. 236, 489 A. 2d 1307 (1985). We grant certiorari, and, on the basis of our decision in *United States* v. *DiFrancesco*, 449 U. S. 117 (1980), we reverse and remand. The motion of respondent for leave to proceed *in forma pauperis* is granted.

Respondent was convicted in the Philadelphia Court of Common Pleas on 56 counts of forgery and 56 counts of theft. He was sentenced by the trial court to two-to-five years of imprisonment on a single theft count and five years of probation on one of the forgery counts. Sentence was suspended on the remaining counts.

Respondent appealed all 112 convictions to the Superior Court of Pennsylvania. That court ruled that the statute of limitations barred the prosecution of 34 of the theft counts, including the count on which respondent had received his sentence of imprisonment.

On appeal by the Commonwealth, the Supreme Court of Pennsylvania affirmed the Superior Court's ruling on the statute of limitations. In addition, the Supreme Court of Pennsylvania denied petitioner's request that the case be remanded to the trial court for resentencing on the remaining 22 theft counts. The court acknowledged that a defendant could be twice sentenced for the same count when there was an intervening retrial at the request of the defendant, but it held that resentencing on the counts which were affirmed after an appeal by the Commonwealth is barred by the Double Jeopardy Clause when the sentence of imprisonment on another count is vacated. 507 Pa., at 248–251, 489 A. 2d, at 1314–1315, citing *North Carolina* v. *Pearce*, 395 U. S. 711 (1969).

The Pennsylvania Supreme Court's rationale is inconsistent with the rationale of the holding of this Court in *DiFrancesco, supra.* In *DiFrancesco* we upheld the constitutionality of 18 U. S. C. § 3576, which allows the United States to appeal to the court of appeals the sentence given a "dangerous special offender" by a district court, and allows the court

of appeals to affirm the sentence, impose a different sentence, or remand to the district court for further sentencing proceedings.

We noted that the decisions of this Court "clearly establish that a sentenc[ing in a noncapital case] does not have the qualities of constitutional finality that attend an acquittal." *DiFrancesco, supra,* at 134. In *North Carolina* v. *Pearce, supra,* we held that a court could sentence a defendant on retrial more severely than after the first trial. Any distinction between the situation in *Pearce* and that in *DiFrancesco* is "no more than a 'conceptual nicety.'" *DiFrancesco, supra,* at 136 (quoting *Pearce, supra,* at 722). Indeed, a resentencing after an appeal intrudes even less upon the values protected by the Double Jeopardy Clause than does a resentencing after retrial:

> "[T]he basic design of the double jeopardy provision [is to] bar . . . repeated attempts to convict, with consequent subjection of the defendant to embarrassment, expense, anxiety, and insecurity, and the possibility that he may be found guilty even though innocent. These considerations, however, have no significant application to the prosecution's statutorily granted right to review a sentence. This limited appeal does not involve a retrial or approximate the ordeal of a trial on the basic issue of guilt or innocence." *DiFrancesco, supra,* at 136.

In *DiFrancesco* a federal statute clearly allowed the appellate review of the sentences at issue. The Court noted that, in light of that statute, the defendant could not claim any expectation of finality in his original sentencing. 449 U. S., at 136, 139. Here, because the Pennsylvania Supreme Court held that resentencing was barred by the Double Jeopardy Clause, there was no need to consider below whether the Pennsylvania laws in effect at the time allowed the State to obtain review of the sentences on the counts for which the sentence had been suspended. We reverse and remand the

case to the Supreme Court of Pennsylvania for a determination of that issue, and for further consideration of this case in light of *DiFrancesco, supra.*

*Reversed and remanded.*

JUSTICE BRENNAN dissents from summary disposition and would vote to deny the petition.

JUSTICE MARSHALL dissents from this summary disposition, which has been ordered without affording the parties prior notice or an opportunity to file briefs on the merits. See *Maggio* v. *Fulford,* 462 U. S. 111, 120–121 (1983) (MARSHALL, J., dissenting); *Wyrick* v. *Fields,* 459 U. S. 42, 51–52 (1982) (MARSHALL, J., dissenting).

JUSTICE BLACKMUN would grant the petition and set the case for argument.

JUSTICE STEVENS, dissenting.

In *United States* v. *DiFrancesco,* 449 U. S. 117 (1980), this Court upheld the constitutionality of a federal statute that permitted Government appeals from certain sentences. Today, the Court summarily reverses because it finds that the "Pennsylvania Supreme Court's rationale is inconsistent with the rationale of the holding of this Court in *DiFrancesco.*" *Ante,* at 29.

The Pennsylvania Supreme Court opinion does not mention *DiFrancesco.* The appellate briefs before the Pennsylvania court did consider that case, however.[1] Indeed, Mr. Goldhammer argued that *DiFrancesco* did not govern precisely because no Pennsylvania statute authorized government appeals of sentences at the time of his conviction and sentencing.[2] Mr. Goldhammer has raised the same argument

---

[1] See Brief for Appellant in No. CR 84–1852, p. 13, n. 3; Brief for Appellee in No. CR 84–1852, pp. 13–15.

[2] See *id.,* at 14 ("At the time the instant case arose in Pennsylvania, the Commonwealth did not have the right to appeal from a sentence. That right did not exist until the sentencing guidelines were approved in July, 1982. See 42 Pa. C. S. A. § 9781").

before this Court in his response to the Commonwealth's petition.[3]   Moreover, it should be noted that, unlike the situation in *DiFrancesco*, the Pennsylvania prosecutor made no attempt to take an appeal from the sentences imposed by the trial court.   The Commonwealth, in its petition and in its reply, has not adequately addressed these points.

The majority recognizes that the Pennsylvania court's judgment may ultimately be supported by state-law grounds. See *ante*, at 30–31.   In view of that uncertainty, and in view of the Commonwealth's failure to address this important issue, I would simply deny certiorari.[4]   I would presume that the Pennsylvania Supreme Court determined that *DiFrancesco* did not govern for the plausible state-law reason that had been argued to it.

Three factors support this presumption.   First, Pennsylvania's current statutory framework for permitting government appeals from sentences was not in place at the time of Mr. Goldhammer's conviction and sentencing.[5]   Second, Pennsylvania courts are now applying the new statutory framework,[6] with full knowledge of *DiFrancesco*.[7]   Third,

---

[3] See Brief in Opposition 9, n. 6 ("At the time of the trial and sentence here, there was no statutory provision in Pennsylvania for appeal of sentences").

[4] See this Court's Rule 21.5 ("The failure of a petitioner to present with accuracy, brevity, and clearness whatever is essential to a ready and adequate understanding of the points requiring consideration will be a sufficient reason for denying his petition").

[5] See 42 Pa. Cons. Stat. § 9781 (1982); 204 Pa. Code § 303.1 *et seq.* (1982), reproduced following Pa. Stat. Ann., Tit. 42, § 9721 (Purdon 1982).

[6] See, *e. g., Commonwealth* v. *Dixon,* 344 Pa. Super. 293, 496 A. 2d 802 (1985); *Commonwealth* v. *Hutchinson,* 343 Pa. Super. 596, 495 A. 2d 956 (1985); *Commonwealth* v. *Drumgoole,* 341 Pa. Super. 468, 491 A. 2d 1352 (1985).

[7] See *Commonwealth* v. *Drumgoole, supra,* at 477, n. 2, 491 A. 2d, at 1356, n. 2 ("Appellee also suggests that to grant the relief sought by the Commonwealth 'would appear to be a violation of the Fifth Amendment Constitutional guarantee against double jeopardy.'   This argument has

and perhaps most importantly, we should assume that a State Supreme Court is familiar with this Court's precedents and with its own State's law.  Because the majority's summary reversal reflects a contrary assumption, I respectfully dissent.

---

been resolved contrary to appellee's claim.  *United States* v. *DiFrancesco*, 449 U. S. 117 . . .").