37 F.3d 1501
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Kent T. L'ALLIER, Defendant-Appellant.
 No. 94-1329.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 3, 1994.*
Decided Oct. 13, 1994.
Rehearing and Suggestion for Rehearing En Banc Denied Nov. 7, 1994.
 
 Before BAUER, FLAUM and EASTERBROOK, Circuit Judges.
 
 Order
 
 1
 Our earlier opinion, 838 F.2d 234 (1988), explains the circumstances of Kent L'Allier's convictions for two armed bank robberies. The district court rebuffed his collateral attack, filed under 28 U.S.C. Sec. 2255, leading to this appeal. Most of L'Allier's contentions were resolved on the initial appeal or were amply considered by the district court in response to the petition under Sec. 2255. It is unnecessary to add to these opinions, except in one respect: the contention that the sentence violates the fifth amendment to the Constitution.
 
 
 2
 The original sentence, imposed in 1987, called for L'Allier to serve two terms of 10 years' imprisonment for bank robbery, plus two terms of 5 years' imprisonment for using firearms in committing the robberies. The district court made the 10-year sentences concurrent to each other. The 5-year sentences ran consecutively to each other and to the 10-year sentences, see 18 U.S.C. Sec. 924(c), for a total of 20 years' imprisonment. In response to L'Allier's petition under Sec. 2255, the United States conceded that the 5-year sentences were improper because L'Allier had not been indicted under Sec. 924(c). When imposing sentence in 1987 the district court treated Sec. 924(c) as an enhancement provision rather than as a separate offense. The district judge accepted the confession of error, vacated the sentences based on Sec. 924(c), and resentenced L'Allier to 20 years' imprisonment for bank robbery alone. The court accomplished this by converting the two 10-year terms from concurrent to consecutive. L'Allier believes that this reconstruction of the sentence violates the Constitution.
 
 
 3
 One response might be that the reconstruction was unnecessary because there was no error to begin with, or because L'Allier waived any challenge along these lines by failing to pursue it on direct appeal. We need not decide whether resentencing was essential, because reimposing the same sentence was not error. The Supreme Court rejected any double jeopardy objection to this procedure in Pennsylvania v. Goldhammer, 474 U.S. 28 (1985). See also United States v. Shue, 825 F.2d 1111 (7th Cir.1987). Goldhammer and Shue hold that the double jeopardy clause permits a court to increase the sentence on some counts in order to restore its original plan of punishment, after an appellate court vacates some convictions. That is what occurred here. The district judge believed in 1987 that 20 years' imprisonment was the appropriate punishment for two armed bank robberies. On resentencing, the judge imposed the same aggregate term.
 
 
 4
 Recasting the argument under the due process clause, as L'Allier proposes, adds nothing. Although a judge may not punish a defendant for taking an appeal, see North Carolina v. Pearce, 395 U.S. 711 (1969), or for filing a petition under Sec. 2255, reconstructing the same sentence is not "punishment." United States v. Paul, 783 F.2d 84, 87-88 (7th Cir.1986). Cf. Texas v. McCullough, 475 U.S. 134 (1986). Resentencing revealed that in the judge's view the use of Sec. 924(c), if error, did not affect the sentence. Announcing that an error did no damage, and that the outcome therefore does not change, may disappoint a defendant, but it does not violate the Constitution.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record