UNITED STATES of America, Plaintiff,

v.

William Scott BARRON, Jr., Defendant.

No. A91–0115 CR (JKS).

United States District Court,
D. Alaska.

Aug. 13, 1996.
Opinion Denying Reconsideration
Sept. 25, 1996.

Mark Rosenbaum, Assistant U.S. Attorney, and Robert Bundy, United States Attorney, Anchorage, AK, for Plaintiff, United States.

Mary Geddes, Assistant Federal Public Defender, and Richard Curtner, Federal Public Defender, Anchorage, AK, for Defendant, William Scott Barron, Jr.

### ORDER

**Motion to Vacate Sentence and Conviction**

SINGLETON, Chief Judge.

Pursuant to 28 U.S.C. § 2255 and in reliance on *Bailey v. United States,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), William Scott Barron, Jr., seeks post-conviction relief from his conviction and sentencing for various drug offenses. Docket No. 76. The United States Magistrate Judge, to whom this matter was initially referred, recommends that the motion be granted. Docket No. 85. This Court has reviewed the record *de novo* and has exercised its independent judgment. It concludes that Barron should be permitted to withdraw his plea and proceed to trial on all of the charges initially brought or that might have been initially brought.

In the indictment returned on December 17, 1991, Barron was charged with one count of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1); one count of possessing cocaine with the intent to distribute, 21 U.S.C. § 841(a)(1); and one count of using or carrying a firearm in relation to drug trafficking, 18 U.S.C. § 924(c)(1). Barron en-tered into a negotiated plea with the government wherein he conceded, *inter alia,* that the government could prove beyond a reasonable doubt each of the offenses to which he pled. He pled guilty to all three counts and received a composite sentence of 180 months imprisonment.[1] *See* Docket No. 54 (plea agreement).

One of the offenses to which Barron pled was a violation of 18 U.S.C. § 924(c)(1). Consistent with then Ninth Circuit law, the evidentiary basis for the plea of guilt to the violation of 18 U.S.C. § 924(c)(1) was that Barron kept a firearm available, along with his cocaine and money, in a safe in his bedroom to protect his money and drugs.

Both sides agree that the facts upon which the plea agreement rested do not state an offense under 18 U.S.C. § 924(c) as subsequently interpreted in *Bailey v. United States,* —— U.S. ——, ——, 116 S.Ct. 501, 505, 133 L.Ed.2d 472 (1995) (holding that "§ 924(c)(1) requires evidence sufficient to show an *active employment* of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense.") (emphasis in the original).

■ Where a criminal defendant enters a knowing, voluntary, and intelligent plea of guilty to an offense or offenses, he or she waives, or more accurately, forfeits any non-jurisdictional defenses including any defense based upon a favorable intervening change in the law. *See United States v. Broce,* 488 U.S. 563, 565, 572–75, 109 S.Ct. 757, 760, 763–65, 102 L.Ed.2d 927 (1989). To enter into a voluntary plea, the defendant must understand the law in relation to the facts. *McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). Where the facts necessary to satisfy the elements of the offense are not adequately explained to the defendant, his plea is not voluntary. *See, e.g., Henderson v. Morgan,* 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976). In this case, Barron understood the facts upon which the charges rested, but he could not have intelligently understood the elements of

---

1. On June 25, 1992, Barron was sentenced for a total of 180 months. He was sentenced for 120 months on the first two counts and for 60 months on the count for violating 18 U.S.C. § 924(c). *See* Docket No. 67 (transcript of imposition of sentence).

the offense because the Ninth Circuit cases upon which explanation of those elements rested now appear to have been flawed. *Bailey,* —— U.S. ——, 116 S.Ct. 501.

■ Therefore, both parties agree that Barron's plea for violation of 18 U.S.C. § 924(c) should be vacated. *See* Docket Nos. 76 (Barron's motion), 82A (government's opposition), and 84 (reply); *see also United States v. Andrade,* 83 F.3d 729 (5th Cir. 1996); *United States v. Riascos–Suarez,* 73 F.3d 616 (6th Cir.1996); *United States v. Abdul,* 75 F.3d 327 (7th Cir.1996).[2] There is a dispute between the parties, however, as to 1) whether Barron's entire plea and the underlying agreement should be vacated and the parties restored to the *status quo ante,* *i.e.,* whether the government can prosecute Barron under the original indictment; or 2) whether the § 924(c) conviction should be set aside and its sentence deducted from Barron's composite sentence with the remaining sentence left intact.[3] Barron argues that his conviction and sentence for violation of § 924(c) should be vacated and that the government should be precluded from either a resentencing or proceeding to trial on the

original indictment. The government agrees that Barron's conviction for violating 18 U.S.C. § 924(c) cannot stand under *Bailey* because its theory, at that time the plea was entered, was solely and exclusively concealment of the gun in the bedroom safe to be available for protection of the money and drugs. Docket No. 82A. At that time, the government did not intend to proceed on a theory that Barron was "carrying" the weapon in question. The government contends that the proper remedy is to allow Barron to plead anew and that if Barron decides not to plead anew, the government should be able to proceed to trial on the original charges.[4] *Id.*

In partial reliance on this Court's order in *United States v. Dickson,* Case No. A92–0081 CR (JKS), the United States Magistrate Judge, to whom this matter was initially referred, has recommended that Barron's motion be construed as a motion to withdraw his plea, and on that basis, has recommended that the motion be granted with the assumption that the government would be free to proceed on the original charges.[5] Docket

**2.** *Bailey* should be applied retroactively because it involves a correction to the substantive law which impacts the elements of the offense that must be proved. *See, e.g., Davis v. United States,* 417 U.S. 333, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974). Given the significance to both the government and the defendant of a five-year mandatory consecutive sentence on plea bargaining, it does appear that failure to retroactively apply *Bailey* might work a miscarriage of justice. *It is* not unreasonable to treat substantive changes in the law differently than procedural changes for purposes of retroactivity. *See Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) (dealing with the retroactivity of procedural changes in criminal law); *see also United States v. Dashney,* 52 F.3d 298, 299 (10th Cir. 1995).

**3.** Given the defective § 924(c) conviction, there are three possible responses:

(1) Treat the § 924 conviction and sentence in isolation, vacate it, and leave the remainder of the sentence and convictions intact. This is Barron's preference;

(2) Vacate the § 924 conviction, leave the other convictions intact, and remand for sentencing on all remaining counts *de novo.* This is the view that has the strongest support in the case law where, as here, no counts were dismissed at sentencing; or

(3) Vacate the entire plea and plea agreement and restore the parties to the *status quo ante* the plea. This possibility would be most appropriate where the plea negotiations included potential charges and enhancements not included in the indictment. The Court concludes that this choice is most appropriate, but only if Barron elects to withdraw his plea.

**4.** Because Barron has initiated this proceeding by attacking an integral part of the original plea agreement upon which the original plea, conviction, and sentence were based, Barron should have the initial determination whether to withdraw his plea or affirm it. Certainly, Barron should not be subject to retrial or even resentencing if he would prefer to affirm the original conviction and sentence in its totality. Should Barron elect to have his conviction and plea set aside, the parties can consider whether the appropriate resolution of this case should be resentencing on the other counts or a new trial in which new counts could be charged.

**5.** Barron should decide whether he wishes to withdraw his plea. He entered the plea with the full knowledge that he would have to serve the five-year consecutive sentence which is required by 28 U.S.C. § 924(c). He would only have made that choice if the alternative to going to trial would have been more distasteful. It would be a Pyrrhic victory indeed for Barron to pur-

No. 85 (report and recommendation). If Barron is retried on all charges that would have been available to the prosecution if he had not pled and he is convicted, he could receive a life sentence. Barron contests this proposed resolution of his application for post-conviction relief. He argues that the various aspects of his conviction should be separately considered, and only the conviction for a violation of § 924(c) and the sentence imposed for that offense should be vacated. This would leave intact the convictions and sentences for the two other offenses and result in a net decrease in Barrons's trial sentence.

Voiding his plea and plea agreement, Barron contends, would violate the rule of *United States v. Partida–Parra*, 859 F.2d 629 (9th Cir.1988). In *Partida–Parra*, the prosecution relied upon contract principles to show that a plea agreement had been based upon a mutual mistake of fact and sought to rescind the agreement on that basis. The Ninth Circuit disagreed, holding that in the absence of a breach of the agreement by the defendant, a plea agreement accepted by the court cannot be set aside over the defendant's objection. *Partida–Parra*, 859 F.2d at 634–35. *Partida–Parra* is distinguishable from the instant case. In *Partida–Parra*, the defendant was perfectly content with the entire agreement reached. Barron, on the other hand, wishes to set aside part of the plea and underlying agreement.

▮ In *Dickson*, this Court faced a similar issue and concluded that the plea was only infirm on the theory that the parties, in negotiating it, operated under a mutual mistake of law. *United States v. Dickson*, Case No. A92–0081 CR (JKS) at Docket No. 613. As a result, the defendant, whose plea was in part arguably the product of ignorance, should have the option of withdrawing his plea and pleading anew. He should not be compelled to · withdraw his plea if he is content with the total sentence he initially received including the defective § 924(c) increment. Trial on

dismissed counts is · not affected by the double jeopardy clause of the Fifth Amendment to the United States Constitution. *See United States v. Vaughan*, 715 F.2d 1373 (9th Cir.1983). Withdrawal of the plea only restores the parties to the *status quo ante. See, e.g., United States v. Wells*, 430 F.2d 225 (9th Cir.1970). Therefore, upon withdrawal of his plea pursuant to *Bailey*, a defendant is essentially conceding that the plea is void and that both parties should be returned to the position they were in before a plea was entered, *i.e.*, before jeopardy attached. Because the plea agreement would then be void due to the mutual mistake of the law at the time the plea was entered, the government would have the opportunity to reinstate the original charges. *See, e.g., United States v. Pollard*, 72 F.3d 66, 67–69 (7th Cir.1995); *United States v. Valle*, 72 F.3d 210, 217–18 (1st Cir.1995).

Because Barron did not go to trial, the *Bailey* analysis, while piquant, is not material to Barron's quest to prevent the government from reinstating the original charges against him. This conclusion follows from the fact that this Court does not know for certain what the government would have proved had the case gone to trial. It is impossible to determine what a jury would have found had Barron refused to plead and forced the government to prove its case. It is equally impossible to predict what sentence Barron would have received had the government tried Barron on all charges upon which they could persuade a Grand Jury to indict.

Barron is not pleased with this analysis. He would prefer a windfall. *Cf. United States v. Escamilla*, 975 F.2d 568, 571 (9th Cir.1992) (where one party is permitted to revoke the plea agreement, it may not nevertheless retain the benefits of the plea agreement as "unjust enrichment"). In support of this result, he cites: *DiCesare v. United States*, 646 F.Supp. 544 (C.D.Calif.1986); and *United States v. Huffman*, No. CR–88–0234

chase relief from a five-year sentence at the cost of life imprisonment. Barron is the one who

must do the time, and therefore he should be the

(N.D.Calif.1996) (unreported).[6] The courts in each of these cases reason that when a defendant pleads to a non-existent crime in return for sentencing concessions, he has fully performed his obligations under the agreement. Further, these courts reason that if the sentence is later set aside, he cannot be tried anew for the crimes that were initially compromised because he did not breach the plea agreement; the agreement was set aside for reasons beyond his control. This reasoning is flawed in a number of particulars. First, setting aside his plea and the resulting conviction is not beyond Barron's control because he must first affirmatively seek to have the conviction and sentence set aside. He has done so pursuant to 28 U.S.C. § 2255.

Second, and more to the point, the basis for the bargain between the government and Barron was not Barron appearing in court on a particular day and engaging in a ritualistic dialogue. See FED.R.CRIM.P. 11. Instead, the basis for the bargain was an agreement regarding the charges to which Barron would plead and the amount of time Barron would be required to serve.[7] In the instant case, the sentence for violation of § 924(c) was a mandatory consecutive sentence of five years. It is only by serving that consecutive five-year sentence that Barron could be deemed to have fully performed his obli-

gations under that part of the plea agreement. By attacking a key component in the sentencing plan envisioned by the plea agreement, Barron is, in effect, attacking the plea agreement itself. See United States v. Pimienta–Redondo, 874 F.2d 9 (1st Cir.) (rejecting due process and double jeopardy challenges to resentencing on Count II after remand where sentence on Count I was vacated on appeal and eventual sentence for Count II was equal to former sentence for both Count I and Count II), cert. denied, 493 U.S. 890, 110 S.Ct. 233, 107 L.Ed.2d 185 (1989); accord United States v. Bay, 820 F.2d 1511, 1513–14 (9th Cir.1987) (recognizing that sentence imposed for multiple counts is a composite which must be revisited as a totality if one or more but less than all components are eliminated on appeal).

■ The confusion in the cases cited by Barron may be traceable to the fact that where two parties rescind a contract, each is entitled to restitution of any benefit he bestowed on the other party. See United States v. Asset, 990 F.2d 208, 215 (5th Cir. 1993) (discussing "restitution" in the context of a plea agreement where performance on one side of the agreement is impossible). In this situation, the benefit Barron bestowed is the time he served and will serve. He is entitled to restitution for that amount. He will receive it in the form of credit for time

one to make the decision whether to withdraw his plea.

**6.** With all due respect, it appears that these courts have not thought through the issue in light of the realities of plea bargaining. An illustration will illumine the problem. Assume that the authorities arrest Jack the Ripper, charge him with the torturous murder of 175 women, and a Grand Jury subsequently issues an indictment. Facing 175 convictions and consequent death penalties, Ripper, on advice of counsel, pleads to one count—the murder of Sally Jones—in return for a guaranteed life sentence and a promise by the prosecutor to dismiss all other charges. Ripper killed so many women he cannot be sure if he really killed Sally; his victims kind of blend together in his mind. However, she died under circumstances virtually identical to his other victims, and he was in the neighborhood at the time of her murder. Therefore, he cheerfully concedes guilt, the prosecutor dismisses the other charges, and Ripper receives the bargained for sentence. Years later, it transpires that a copycat actually killed Sally and that Ripper is unquestionably innocent for Sally's murder. Rip-

per moves for post-conviction relief. In the words of the Supreme Court, he is factually innocent and no one can contest his innocence. See, e.g., Smith v. Murray, 477 U.S. 527, 537, 106 S.Ct. 2661, 2667–68, 91 L.Ed.2d 434 (1986). The gravamen of Ripper's claim is that there was a mutual mistake of fact. The proper result would be to set aside the plea and reinstate the original charges so that a new agreement can be reached on the basis of the murder of a victim that Ripper actually did kill.

**7.** The government's obligations under the plea agreement were to refrain from seeking further prosecution arising from facts underlying the indictment, to agree that Barron was entitled to a two-point reduction in sentencing for acknowledging that he has accepted responsibility for his acts, to refrain from seeking an enhanced penalty pursuant to 18 U.S.C. § 924(e), and to acknowledge that Barron had reserved his right to appeal the ruling on the motion to suppress. See Docket No. 54 (plea agreement).

served against any sentence he should ultimately receive. The benefit the government bestowed was the promise not to seek further prosecution arising from facts underlying the indictment and not to seek the enhanced, higher sentence, *i.e.,* 18 U.S.C. § 924(e), which provides a fifteen-year minimum. Because Barron is entitled to be relieved of a major part of the burden of his plea, common sense and justice suggests that he lose the benefits as well.

■ In sum, fundamental fairness dictates the proper result in this case. Barron's motion for § 2255 relief should be conditioned on his timely withdrawal of his plea. Failure to withdraw his plea will be deemed a knowing and intelligent forfeiture of the right to ever raise the issue again. *See United States v. Broce,* 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989). Nothing in this order should prevent the parties from negotiating a new agreement if they wish to do so, correctly addressing the known facts in the light of the existing law.

**IT IS THEREFORE ORDERED:**

William Scott Barron's motion for post-conviction relief at **Docket No. 76** is **DENIED in part and GRANTED in part.** Treated as a motion to vacate only the § 924(c) conviction, the motion is denied. Treated, however, as a motion to withdraw his plea, the motion is **GRANTED ON CONDITION** that Barron give notice of his intent to withdraw his plea in writing served and filed on or before **Monday, September 16, 1996.** Should Barron decline to withdraw his plea, the condition will fail and the Court will treat the original plea, conviction, and sentence as reaffirmed. A reaffirmation will be treated as a knowing, intelligent, and voluntary relinquishment of the right to ever complain that Barron's conviction was in violation of *Bailey v. United States,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995).

*DECISION and ORDER*

(on Motion for Reconsideration)

William Scott Barron, Jr. ("Barron") was charged in an indictment with various offenses. Barron entered into a plea agreement with the government which resulted in his conviction and sentence, *inter alia,* for using or carrying a firearm in relation to drug trafficking in violation of 18 U.S.C. § 924(c). Thereafter, the United States Supreme Court decided *Bailey v. United States,* —— U.S. ——, ——, 116 S.Ct. 501, 505, 133 L.Ed.2d 472 (1995) (holding that "§ 924(c)(1) requires evidence sufficient to show an *active employment* of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense"). The holding in *Bailey* suggested that the factual basis which the parties to this case relied on to justify the plea would not sustain a conviction. Barron subsequently sought post-conviction relief pursuant to 28 U.S.C. § 2255, seeking to have only the conviction and sentence for § 924(c) set aside and seeking to have the rest of the plea agreement and resulting sentence reaffirmed. Docket No. 76. The government agreed that the § 924(c) conviction and sentence should be set aside, but argued that, the entire plea agreement should be voided and the parties should be restored to the *status quo ante.* Under this theory, the government contended that it could proceed on the original charges and Barron could either plea anew or go to trial. Docket No. 82A. After hearing from the parties, the Court concluded that the intervening *Bailey* decision raised substantial questions regarding the voluntariness of Barron's plea and that Barron should be given the option of reaffirming that plea and the convictions and sentences imposed or withdrawing his plea and going to trial on the original charges. *United States v. Barron,* 940 F.Supp. 1489 (D.Alaska 1996).

Barron seeks reconsideration, repeating arguments previously made and rejected. Docket No. 90. Essentially, Barron argues that he abided by his plea agreement and that the *Bailey* decision effectively made it impossible for him to perform by serving the § 924(c) sentence. Barron cites *Rodriguez v. United States,* 933 F.Supp. 279 (S.D.N.Y. June 27, 1996); *United States v. Gaither,* 926 F.Supp. 50 (M.D.Pa.1996); and *DiCesare v. United States,* 646 F.Supp. 544 (C.D.Cal. 1986). The rationale of these cases is addressed and rejected in the Court's earlier

*Barron* opinion. *Barron,* Case No. A91–0115 CR (JKS), 1996 WL 466569 (D.Alaska August 13, 1996). This Court reasoned that a guilty plea waives, or more accurately forfeits, any right to bring a post-conviction relief petition except one challenging the voluntariness of the plea. *See United States v. Broce,* 488 U.S. 563, 569, 109 S.Ct. 757, 762, 102 L.Ed.2d 927 (1989). Included in the issues waived is the claim that intervening or supervening authority would, if anticipated, have led to a more favorable plea agreement. *See United States v. Johnson,* 67 F.3d 200, 202–203 (9th Cir.1995); *also see United States v. Abarca,* 985 F.2d 1012 (9th Cir. 1993) (finding that waiver of right to appeal precluded defendant from seeking reduced sentence on grounds of newly discovered partially exculpatory evidence that undermined the factual basis for the original sentencing decisions). While *Johnson* and *Abarca* deal with express waivers of the right to appeal, there is no reason not to apply their holdings to the implicit waiver, or forfeiture, of the right to bring a post-conviction relief proceeding recognized in *Broce.* The Court would therefore have rejected Barron's § 2255 petition but for the Court's conclusion that *Bailey* undermined the prior finding of voluntariness. The Court was, and is, prepared to give Barron relief, but solely on the basis that his prior plea was involuntary. The proper relief is to withdraw his plea and return the parties to the *status quo ante. See United States v. Wells,* 430 F.2d 225, 230 (9th Cir.1970). The choice is Barron's; he can reaffirm his plea agreement with all of its detriments and benefits or he can repudiate it. He cannot, however, have his cake and eat it too.

■ There are two additional issues that should briefly be addressed. First, there is the contention that the Court's jurisdiction under § 2255 is limited to consideration of the specific "sentence" challenged by the defendant. Barron argues that he challenged only that sentence imposed for the § 924(c) conviction and did not open up the other aspects of his conviction and sentence for review. In Barron's view, when a defendant pleads to a multiple count indictment, the parties and the court consider each offense in isolation and the judge imposes an incremental sentence for each offense addressing only that offense. Thus, according to Barron's theory, at the initial sentencing the Court would have considered only the § 924(c) conviction in imposing the § 924(c) sentence, and would have separately and independently considered and sentenced upon each of the other offenses. While such a contention might have been plausible under former law, it cannot seriously be considered in light of the United States Sentencing Guidelines ("Guidelines").

Under the Guidelines, a convicted person is sentenced for the totality of his criminal conduct based upon his criminal history and his offense level. When determining the offense level, the Court groups related offenses and therefore encompasses all relevant conduct. *See* U.S.S.G. § 3D1.1(a)(1) (effective November 1, 1995). Further, the United States Sentencing Commission Guidelines Manual states that the Court may only approve dismissal of counts pursuant to a plea agreement where the remaining charges "adequately reflect the seriousness of the actual offense behavior and that accepting the agreement will not undermine the statutory purposes of sentencing or the sentencing guidelines." U.S.S.G. § 6B1.2(a) (effective November 1, 1995). The Guidelines contemplate a single plea agreement, resulting in a single sentence that carries out the policies of the Guidelines. To break such an agreement down and view its constituent parts in isolation would frustrate the goals behind the Guidelines.

Consideration of 18 U.S.C. §§ 3552 and 3553 also supports the inference that Congress expected the Court to impose a single "sentence" based upon a single comprehensive presentence investigation and not to consider individual counts in isolation. *See also* U.S.S.G. Ch. 1, Pt. A(4)(e), intro. comment. (effective November 1, 1995) (multi-count convictions) and U.S.S.G. § 3D1.1 (effective November 1, 1995).[1] Consequently, since 18

---

1. In this section of the decision, the Court is addressing the interplay between the term sen-

tence in § 2255 and the Guidelines. Section 924(c) counts are not grouped. *See* U.S.S.G.

U.S.C. § 3553 and 28 U.S.C. § 2255 should be considered *in pari materia* where a petition for post-conviction relief is brought after the adoption of the Guidelines, the term "sentence" in 28 U.S.C. § 2255 should be construed as the total sentence imposed, encompassing all counts addressed in the indictment that preceded the plea agreement. An attack on a part of the sentence is an attack on the whole sentence. Where such an attack is made, the Court, exercising § 2255 jurisdiction, should address the entirety of the conviction, should address the entirety of the sentence, and may, if relief is granted, resentence on all counts.

Second, a closely related argument is Barron's contention that to reopen the conviction and sentence on the other counts would violate double jeopardy. Once it is determined that the plea agreement in this case, when accepted by the Court, resulted in a single composite sentence, any double jeopardy concerns disappear. A defendant has no legitimate expectation of finality in a sentence that he attacks. *See Pennsylvania v. Goldhammer,* 474 U.S. 28, 106 S.Ct. 353, 88 L.Ed.2d 183 (1985); *United States v. DiFrancesco,* 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980); *United States v. Andersson,* 813 F.2d 1450, 1461 (9th Cir.1987). By bringing this post-conviction relief proceeding, Barron has attacked his sentence, and if he persists after notice of the consequences, he will open himself up to conviction and sentence on all counts, including those previously dismissed. As the Court has emphasized many times before in this case, Barron's future rests in his own hands.

In summary, the cases upon which Barron relies—*Rodriguez, Gaither,* and *DiCesare*— rest on two significant flaws: 1) a failure to understand the realities of plea bargaining, and how bargaining in multi-count cases results in a single agreement leading to a single sentence; and 2) a failure to understand that under the United States Sentencing Commission Guidelines and Manual any sentence legally imposed will take into account the totality of the defendant's conduct and all

of the offenses for which he stands convicted. To attempt to insolate individual aspects of a plea agreement is to engage in fantasy, not jurisprudence.

**IT IS THEREFORE ORDERED:**

The motion for reconsideration at **Docket No. 90** is **DENIED.** The motion at **Docket No. 91** to extend the time to either affirm or withdraw the plea is **GRANTED.** Barron shall have until **Tuesday, October 8, 1996,** to file a motion to withdraw his plea, set aside the plea agreement and proceed to trial on all counts.

---

§ 3D1.1, comment. (n. 1). As pointed out in the original decision, however, the existence of a § 924(c) count clearly affects plea bargaining and, as a matter of fact, will be incorporated by the parties into their ultimate agreement. To simply subtract the § 924(c) portion of the sentence, is to hold the parties to an agreement they never made.