502 A.2d 227

**COMMONWEALTH of Pennsylvania**

**v.**

**Julius WILLIAMS, Appellant.**

Superior Court of Pennsylvania.

Submitted April 16, 1985.

Filed Dec. 20, 1985.

---

Daniel M. Preminger, Philadelphia, for appellant.

Jane C. Greenspan, Assistant District Attorney, Philadelphia, for Com., appellee.

Before WICKERSHAM, BECK and CERCONE, JJ.

BECK, Judge:

The issue before us is one of first impression: whether a defendant's double jeopardy protections are violated when he is twice sentenced, each time after a lawful trial, for the immediate and later consequences of his actions stemming from a single incident? We conclude that the defendant's double jeopardy protections are not violated.

Two months after appellant was convicted of aggravated assault, attempted murder, criminal conspiracy, possessing an instrument of crime, and violation of the Uniform Firearms Act, his victim, Horace Wallace, died. Although appellant stood convicted, he had not yet been sentenced. He was then tried and convicted and sentenced for third degree murder. Subsequent to the sentence for murder, appellant was sentenced on his original convictions (hereinafter referred to as "the lesser convictions").[1]

The procedural history of this case is important. The Superior Court originally non prossed a direct appeal from appellant's judgment of sentence on the lesser convictions. Thereafter, appellant filed a PCHA petition challenging the judgment of sentence for the lesser convictions and his counsel's stewardship. The PCHA court originally vacated the judgment of sentence on the grounds that it violated the state and federal double jeopardy clauses as well as *Commonwealth v. Campana*, 452 Pa. 233, 304 A.2d 432, *vacated*, 414 U.S. 808, 94 S.Ct. 73, 38 L.Ed.2d 44 (1973), *reinstated on remand*, 455 Pa. 622, 314 A.2d 854 (1974), *cert. denied*, 417 U.S. 969, 94 S.Ct. 3172, 41 L.Ed.2d 1139 (1974).

The Commonwealth petitioned for reconsideration. Upon reflection, the PCHA court decided that no double jeopardy or *Campana* violations existed. However, the PCHA court ruled that the judgment of sentence violated 18 Pa.C.S.A. § 906 inasmuch as it imposed consecutive sentences for two inchoate crimes, namely, criminal conspiracy and possessing

---

1. Appellant was not sentenced for aggravated assault and attempted murder. Under the doctrine of merger these convictions merged with the conviction for murder for sentencing purposes. *Commonwealth v. Wilcox*, 310 Pa.Super. 331, 456 A.2d 637 (1983).

an instrument of crime. Accordingly, the PCHA court vacated the judgment of sentence for the lesser convictions and remanded the matter for resentencing. Appellant, contending that it is unlawful to impose sentence on him for the lesser convictions, appeals the PCHA court order. Appellant also challenges the PCHA court's findings that his counsel was effective in the original sentencing hearing on the lesser convictions.[2]

We must now decide whether appellant's double jeopardy protections were violated when he was twice sentenced, each time after a lawful trial, for the immediate and later consequences of his actions stemming from a single incident.

This question was left undecided by the Pennsylvania Supreme Court in *Commonwealth v. Washington*, 481 Pa. 474, 393 A.2d 3 (1978). The *Washington* court's holding is relevant to the instant case. The court held that a defendant's double jeopardy protections were not violated when he was made to stand trial on a charge of murder after he had already been convicted of other offenses which ultimately resulted in the death of the victim. The court did not decide the legality of the second sentence. *See Washington*, 481 Pa. at 478, 393 A.2d at 5 (Manderino, J., concurring).

■ We first address the challenge to counsel's ineffectiveness at the original sentencing on the lesser convictions. Our standard of review in ineffective counsel claims is to determine if the underlying claim is of arguable merit. If it is, to then ascertain if counsel had some reasonable basis for the course taken, and finally to evaluate whether counsel's error affected the judgment and was prejudicial to the defendant. *Commonwealth v. Litzenberger*, 333 Pa.Super. 471, 482 A.2d 968 (1984). Because we find that appellant's underlying claims of double jeopardy and *Campana* violations lack arguable merit, we conclude counsel was not ineffective in failing to raise the claims.

---

**2.** Appellee asserts that the order before us is interlocutory and not yet appealable. We agree with appellant that the order is a final judgment for purposes of review. 42 Pa.C.S.A. § 9550.

■ Based on the rationale of double jeopardy, Section 110 of the Crimes Code, 18 Pa.C.S.A. § 110, and *Campana* together make a clear statement that all charges arising from the same criminal episode must be prosecuted in a single trial. However, *Washington* held that double jeopardy and *Campana* were not violated if a defendant is tried separately for murder after a conviction for lesser offenses which later resulted in the death of the victim. Under 18 Pa.C.S.A. § 110(1)(ii), a subsequent prosecution for any additional offense arising from a single incident is not barred if the additional offense was not known or knowable at the commencement of the earlier trial on the incident.

■ Appellant concedes that his murder trial was not barred by double jeopardy principles or by *Campana*. He objects, though, to the imposition of sentence for the lesser convictions after sentence was imposed for murder. We find appellant's argument unpersuasive. Since we conclude that sentencing for the lesser convictions did not violate appellant's double jeopardy protections, we cannot say that imposition of sentence is prohibited. The orderly progression in a criminal proceeding contemplates sentencing after conviction unless the sentencing clearly violates the rights of the defendant. Here no such violation of appellant's rights is implicated.

Our analysis of double jeopardy principles and of *Campana* convinces us that the contemplated sentencing on the lesser convictions is permissible. "[D]ouble jeopardy represents two fundamental and distinct protections: that no person should be harassed by successive prosecutions for a single wrongful act and that no person should be punished more than once for the same offense." *Commonwealth v. Bolden*, 472 Pa. 602, 618, 373 A.2d 90, 97–98 (1977) (footnote deleted).

The prohibition against double jeopardy is ancient and revered in Anglo-American jurisprudence. *Bolden;* Annot., 98 A.L.R.3d 958 (1980); Note, *Twice in Jeopardy*, 75 Yale L.J. 262 (1965). At the heart of the prohibition against double jeopardy is the concern that permitting the sover-

eign freely to subject a citizen to a second trial or a second sentence for the same offense would arm the government with a potent instrument of oppression. 21 Am.Jur.2d *Criminal Law* § 244 (1981). Justice Black's stated reasons for double jeopardy protections are illuminating:

> The underlying idea, one that is deeply engrained in at least the Anglo-American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.

*Green v. United States,* 355 U.S. 184, 187–88, 78 S.Ct. 221, 223, 2 L.Ed.2d 199 (1957) (Black, J., dissenting).

We emphasize that the question before us is not multiple sentences for the same offense, but multiple sentences arising from two trials for different offenses based on the same incident. If the sentences for the firearms violation, third-degree murder and one of the inchoate crimes were the result of a single trial, no double jeopardy violations would arise. We do not find that double jeopardy violations arise because the sentences result from two lawful trials. *Commonwealth v. Adams,* 296 Pa.Super. 24, 442 A.2d 277 (1982). Appellant is not being sentenced twice for the same offense. He is being sentenced for separate offenses. Because the consequence of appellant's act gave rise to sequential wrongs which were lawfully tried separately, we conclude that he can be sentenced for each wrong he committed. Double jeopardy is simply not violated.

Appellant suggests that the prosecutor should have invalidated the earlier trial in order to try the lesser charges and the murder together. Neither double jeopardy nor *Campana* considerations require this. Indeed, to have tried appellant a second time for the lesser offenses may have violated double jeopardy principles. *Commonwealth v. Waters,* 491 Pa. 85, 418 A.2d 312 (1980).

We conclude that the PCHA court was correct in finding that appellant's counsel was not ineffective.

Order of the PCHA court is affirmed. Case is remanded for resentencing on the violation of the Uniform Firearms Act and one inchoate offense.[3] Jurisdiction is relinquished.

---

**3.** The remand for resentencing on the lesser convictions is limited to sentencing on the violation of the Uniform Firearms Act and on one inchoate crime since the convictions for aggravated assault and attempted murder merged for sentencing purposes with third-degree murder and since sentencing for one of the two inchoate crimes (possessing an instrument of crime and criminal conspiracy) was barred by 18 Pa.C.S.A. § 906. *See Pennsylvania v. Goldhammer,* —— U.S. ——, 106 S.Ct. 333, 88 L.Ed.2d 183 (1985), *rev'g Commonwealth v. Goldhammer,* 507 Pa. 236, 489 A.2d 1307 (1985); *United States v. DiFrancesco,* 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980).