J-S29024-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYREE BOHANNON | : | |
| | : | |
| Appellant | : | No. 2514 EDA 2017 |

Appeal from the PCRA Order August 30, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003140-2008, CP-51-CR-0003141-2008

BEFORE:   PANELLA, J., MURRAY, J., and STEVENS,* P.J.E.

MEMORANDUM BY MURRAY, J.:                               **FILED JUNE 04, 2018**

Tyree Bohannon (Appellant) appeals *pro se* from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act[1] (PCRA).  We affirm.[2]

On September 22, 2007, Appellant shot Darren Deter and Deter's girlfriend, Eileena Henry, outside a restaurant in Philadelphia.  One of the bullets severed Deter's spinal column, causing him to be quadriplegic, as well

_____

* Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] Upon Appellant's request for an extension of time, this Court ordered that he file a brief on or before December 20, 2017.  Appellant, however, filed an untimely brief on December 27, 2017.  Nevertheless, the Commonwealth has not objected.  **See** Pa.R.A.P. 2188 (if appellant fails to file his brief within the time as extended, appellee may move for dismissal).

as dependent on a ventilator and a pacemaker. Another bullet passed through Deter's chest and struck Henry in the arm. With respect to Deter, Appellant was charged at docket CP-51-CR-0003140-2008 with, *inter alia*, attempted murder and carrying a firearm without a license. Appellant was also charged at CP-51-CR-0003141-2008 with aggravated assault against Henry. We refer to these two dockets together (2008 case).

On December 8, 2008, Appellant entered a negotiated guilty plea to the above charges, and on the same day, the trial court imposed the negotiated sentence: 15 to 30 years' imprisonment for attempted murder, 3 years and 6 months to 7 years' imprisonment for firearms not to be carried without a license, and 5 to 10 years for aggravated assault, all to run concurrently. The court also awarded Appellant credit for time served. Appellant did not take a direct appeal.

Four years later, on December 13, 2011, Deter died as a result of the injuries he sustained in the shooting. Consequently, Appellant was charged with general homicide at docket CP-51-CR-0002619-2013 (2013 case). On October 28, 2013, he entered a negotiated guilty plea to third-degree murder. On the same day, the trial court imposed the negotiated sentence: 15 to 40 years' imprisonment, to run concurrently with the sentences in his 2008 case, with no credit for time served.[3] Appellant did not take an appeal.

_____

[3] The Honorable Gwendolyn N. Bright presided over the 2008 case, as well as

- 2 -

On September 4, 2014, Appellant filed a *pro se* "motion to correct illegal sentence" in the 2008 case, arguing, *inter alia*, that his attempted murder sentence violated double jeopardy because a defendant cannot be convicted of both attempted murder and third-degree murder for the same conduct. Appellant subsequently filed a *pro se* motion seeking credit for time served in his 2008 case. On October 31, 2014, Appellant filed a *pro se* motion, which listed both the 2008-case and 2013-case docket numbers, to vacate an illegal sentence.

On November 14, 2014, the trial court denied Appellant's October 31, 2014 motion, and Appellant appealed.[4] On January 12, 2016, this Court vacated the trial court's order, holding that Appellant's motion should have been treated as a first PCRA petition, and remanded for the appointment of counsel. ***Commonwealth v. Bohannon***, 3561 EDA 2014 (unpublished memorandum) (Pa. Super. Jan. 12, 2016).

Although the record transmitted on appeal does not include any order appointing counsel nor entry of appearance, the trial docket indicates that Lawrence Bozzelli, Esquire, was appointed and directed to file an amended

---

the instant PCRA petition. The Honorable Benjamin J. Lerner presided over the 2013 case.

[4] There is no indication in the record or trial docket that the court ruled on Appellant's two additional motions.

- 3 -

petition or **Turner**/**Finley**[5] letter.  Furthermore, although there is neither an original **Turner**/**Finley** letter in the record nor a docket entry indicating that one was filed, the PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss on June 24, 2016, stating that Appellant's counsel filed a **Turner**/**Finley** letter.[6]  On August 30, 2016, the court dismissed Appellant's petition, finding that it was untimely filed and, in the alternative, there was no merit to his claims.  PCRA Court Opinion, 11/7/16, at 4-8.

Appellant filed a timely notice of appeal, which listed both the 2008 case and 2013 case docket numbers.  Although the PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement, as referenced above, it filed an opinion on November 7, 2017.  On January 12, 2018, this Court issued a *per curiam* order, which quashed the appeal taken at the 2013 case as having been taken from a purported order that was not in fact entered upon the appropriate docket in the PCRA court.  Accordingly, only the appeal in the 2008 case is properly before this Court.

---

[5] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[6] A copy of PCRA counsel's **Turner**/**Finley** letter appears as an exhibit to Appellant's untimely, March, 13, 2017 response to the **Turner**/**Finley** letter. In the **Turner**/**Finley** letter, Attorney Bozzelli opined that double jeopardy did not bar Appellant's 2013 homicide charge because his prior offense, attempted murder, was different as the victim, Deter, had not died.  Attorney Bozzelli further noted that Pennsylvania Courts have held that aggravated assault does not merge with attempted murder for sentencing purposes.  **See Commonwealth v. Johnson**, 874 A.2d 66, 71-72 (Pa. Super. 2005).

Appellant raises the following issues for our review:

Did the Lower Court[ err] in not crediting Appellant with all time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal as it applies to charges under information number CP-51-CR-0003140-2008?

Did the Lower Court[ err] in recharging and resentencing Appellant, void of time credit, under docket number CP-51-CR-0002619-2013 when he was already sentenced under docket number CP-51-CR-0003140-2008, and both offenses arose out of a single act of violence and had one victim?

Did the Trial Court violate Appellant's rights in regard to the Double Jeopardy and Due Process Clauses when Appellant was already convicted of Attempted First Degree Murder, then was recharged, and resentenced for the lesser offense of Third Degree Murder, when the case and facts arose out of one single act and had one victim?

Appellant's Brief at 4.

For ease of discussion, we summarize Appellant's arguments. In his first issue, he avers that trial court failed to award him credit in the 2008 case for all pre-trial confinement. Appellant contends that he was arrested in Georgia on November 21, 2007 on unrelated charges, those charges were subsequently dropped, but he was then held on a detainer for the instant 2008 Pennsylvania charges. He maintains that he should have been given credit retroactive to the date his Georgia charges were dropped.

Appellant's second issue is whether the trial court erred in "resentencing" him in the 2013 case when he was already sentenced in the 2008 case for the same act of violence against the same victim. *Id.* at 9. Appellant further avers that, pursuant to 42 Pa.C.S.A. § 9760(2), he should

have been awarded credit in the 2008 case because he was "later reprosecuted and resentenced for the same offense." *Id.* at 11, *citing* 42 Pa.C.S.A. § 9760(2) ("Credit . . . shall be given to the defendant for all time spent in custody under a prior sentence if he is later reprosecuted and resentenced for the same offense or for another offense based on the same act . . . .").

Finally, Appellant asserts that the trial court violated the double jeopardy and due process clauses of the Constitution when it "recharged and resentenced [him] for the lesser offense of third degree murder, when the case and facts arose out of a single act and had one victim." Appellant's Brief at 12. Appellant thus argues that his 2013-case sentence is illegal.

"The standard of review for an order denying post-conviction relief is limited to whether the record supports the PCRA court's determination, and whether that decision is free of legal error." *Commonwealth v. Walters*, 135 A.3d 589, 591 (Pa. Super. 2016) (citation omitted).

> It is well-established that "the PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." Generally, a PCRA petition must be filed within one year of the date the judgment of sentence becomes final unless the petitioner meets his burden to plead and prove one of the exceptions enumerated in 42 Pa.C.S.A. § 9545(b)(1)(i)–(iii)[.]

*Id.* at 591-92. "Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa.

- 6 -

1999).

We first consider the PCRA court's finding that Appellant's PCRA petition was untimely. **See also** Commonwealth's Brief at 11-14 (arguing same). In the prior appeal, this Court noted that Appellant's judgment of sentence became final for PCRA purposes on January 7, 2009. **Bohannon**, 3561 EDA 2014 at 2 n.2; **see also** 42 Pa.C.S.A. § 9545(b)(3) (judgment becomes final at conclusion of direct review or at expiration of time for seeking review). Appellant had one year, until January 7, 2010, to file a PCRA petition. **See** 42 Pa.C.S.A. § 9545(b)(1). However, he did not file his motion to vacate an illegal sentence until more than four years and seven months later, on September 4, 2014. None of Appellant's three motions acknowledged their untimeliness or presented any argument that one of the Section 9545(b)(1) timeliness exceptions should apply. **See Walters**, 135 A.3d at 591-592. Accordingly, the PCRA court did not have jurisdiction to hear Appellant's illegal sentence claims, and it did not err in dismissing Appellant's petition as untimely. **See Fahy**, 737 A.2d at 223; **Walters**, 135 A.3d at 591-92.

Moreover, even if Appellant's petition were timely filed, we would agree with the PCRA court that his double jeopardy claims lacked merit. **See** PCRA Court Opinion, 11/7/16, at 5 (Appellant's double jeopardy rights were not violated in the 2008 case because he was properly tried for all offenses then known to the Commonwealth at that time, **see Commonwealth v. Washington**, 393 A.2d 3, 4 (Pa. 1978); **Commonwealth v. Williams**, 502

A.2d 227, 229 (Pa. Super. 1985)). For the same reasons, Appellant's reliance on 42 Pa.C.S.A. § 9760(2) — to argue that he was entitled to credit in the 2008 case because of the subsequent 2013 conviction — is misguided. With respect to Appellant's claim that he was not properly awarded credit for his confinement in Georgia, we reiterate that the sentencing order specified that he be given credit for any time served. Finally, we would also deny relief on Appellant's challenge to his third-degree murder sentence because the 2013 case is not properly before this Court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/4/18