569 A.2d 405

**CHARTIERS VALLEY INDUSTRIAL AND COMMERCIAL DEVELOPMENT AUTHORITY, Appellant,**

v.

**CITY OF PITTSBURGH, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Oct. 5, 1989.

Decided Jan. 29, 1990.

Petition for Allowance of Appeal Denied Sept. 10, 1990.

James R. Cooney, Nernberg & Laffey, Pittsburgh, for appellant.

Gretchen G. Donaldson, Associate Sol., with her, D.R. Pellegrini, City Sol., for appellee.

Before CRAIG, BARRY and SMITH, JJ.

OPINION .

BARRY, Judge.

Chartiers Valley Industrial and Commercial Development Authority (appellant) appeals an Allegheny County Court of Common Pleas order denying appellant's motion for a new trial and to arrest judgment against it for failure to maintain the sidewalk and curb along its premises in conformity with the standards of the Pittsburgh Building Code. The Allegheny County Court of Common Pleas heard the appeal from a default judgment entered against appellant by a Housing Court magistrate when appellant failed to appear at that proceeding.

Appellant is the record owner of commercial property at the corner of Smithfield Street and Third Avenue in Pittsburgh, known as 301 Smithfield Street. On three occasions since 1986, appellant was charged by the City of Pittsburgh (City) with failing to maintain the sidewalk and curb bordering the Third Avenue side of its premises pursuant to Title 10.1985 Section 301.5 of the Pittsburgh Building Code.

On the two prior occasions, appellant appeared and produced evidence showing that the cause for the disrepair of the abutting sidewalk and curb was the City's failure to police vehicles parking unlawfully on the sidewalk. In these prior proceedings, appellant received suspended sentences from the Housing Court. On the third occasion, here in issue, appellant appeals the Allegheny County Court of Common Plea's denial of a new trial and arrest of this judgment.

Appellant claims that the notice of the Housing Court proceeding underlying the instant action was defective—that the place for the hearing which it indicated was incorrect. Thus appellant contended in the trial de novo that the default taken against it was in error because appellant's absence was caused by defective notice and that appellant was thereby denied due process. It claims also that it has been subjected to double jeopardy because of the repeated citations over an approximate three-year period for the summary offense here in issue. Appellant asserts that res judicata and collateral estoppel bar the City from seeking a determination of appellant's guilt beyond that accompanying the suspended sentences imposed for the first two violations. It contends that since the code violations had previously been attributed to the City for the failure to police the vehicles parking on the sidewalk, the sums which appellant subsequently was required to expend for the partial repair of the sidewalk amount to an impermissible taking. The taking, appellant alleges, results from the present and potential citations lodged against it despite appellant's corrective efforts. Finally, it charges that the court improperly emphasized appellant's failure to appear at the hearing before the Housing Court and improperly sentenced appellant in its decision. It submits that the Court of Common Pleas merely adopted the Housing Court's judgment without making its own determination.

We note that the City is correct in asserting that the post-trial procedure followed in this case was defective. The Rules of Criminal Procedure require that, upon the entry of a verdict by a jury or a decision in a bench trial, a motion for post-trial relief will be entertained within ten days thereafter. Following the disposition of post-trial motions judgment and sentence are entered and consequently appealable.

Before this Court is an appeal taken from the denial of post trial relief. The improper posture of this appeal stems from the trial court's error in entering judgment and sentencing prior to the filing and disposition of

post trial motions. The court improperly used a stamped order when entering appellant's conviction on November 1, 1988 and thereby failed to comply with the requirements of Rule of Criminal Procedure 1123 relating to post-trial motions and the Superior Court's ruling in *Commonwealth v. Ragoli,* 362 Pa.Superior Ct. 390, 524 A.2d 933 (1987), which prohibits the use of a form in a de novo review from summary conviction and mandates a finding of guilty or not guilty, the imposition of sentence in open court and the transcription of the proceedings.[1]  Therefore, the error here is tantamount to a breakdown in court administration for which appellant should not be penalized.[2]  The appeal period on the judgment against appellant having expired, it would now be unconscionable for this Court to deny appellant review of the merits of its appeal, for to do so would discourage the post trial process, the intention of which is to promote the efficient administration of justice and to minimize appellate review.  We will now address the merits.

█  We find no merit in appellant's due process claim. Appellant's complaint of improper notice regarding its hearing before the Housing Court would be valid were it not for the fact of the trial de novo.  Appellant has enjoyed an opportunity to be heard on all the issues it wished to raise. Whatever it may have suffered by its absence from the proceedings before the Housing Court has undoubtedly been cured by the full and fair treatment appellant received in the bench trial conducted by the Allegheny County Court of Common Pleas.

█  Appellant's claim that it has been subjected to double jeopardy because of the repeated citations might have

1.  *Cf. also, Constantino v. Forest Hills Borough,* 128 Pa.Commonwealth Ct. 407, 563 A.2d 953 (1989).  We note that the court did advise appellant of his right to pursue post-trial relief within ten days.  See Reproduced Record p. 45a.

2.  While summary violations should be summarily handled to accomplish the goal of prompt adjudication, this goal has no application once an appeal is taken to a court of common pleas.  All general provisions of the criminal rules become applicable to a trial de novo, unless specifically made inapplicable.  *Commonwealth v. Koch,* 288 Pa.Superior Ct. 290, 431 A.2d 1052 (1981).

merit had appellant not been afforded reasonable time between citations in which to correct the condition of the sidewalk and curb. The first complaint was filed on December 9, 1986; a second complaint was filed on September 11, 1987; and the third complaint which is in issue here, was filed on June 2, 1988. Indeed, Judge Raymond L. Scheib twice postponed a hearing on the post-trial motion so that appellant could correct the sidewalk and curb conditions. Even though the Pittsburgh ordinances provide that each day's violation constitutes a separate offense, we agree with appellant that double jeopardy could result from repeated conviction for the same or similar summary offenses. See *Borough of West Chester v. Lal*, 493 Pa. 387, 426 A.2d 603 (1981). However, this is not true under the present facts. Reasonable time elapsed between violations during which corrective measures could have been taken.

Additionally, we note that appellant has misread *Commonwealth v. Goldhammer*, 507 Pa. 236, 489 A.2d 1307 (1985) for the proposition that once convicted of an offense one cannot be tried again at a later date for continuing to commit that same offense. The Supreme Court's holding in *Goldhammer* that suspended sentences are final and subject to the constraints of double jeopardy has no bearing on the instant matter. The suspended sentences here were ordered for separate and distinct offenses between which reasonable time had elapsed in which appellant could have made the required repairs. With respect to appellant's continuing violation, there was no double jeopardy.

Appellant's assertion is incorrect that res judicata and collateral estoppel bar this action by the City. It submits that because the Housing Court magistrate in the prior proceedings had concluded that appellant was guilty and that no further penalty would be imposed (neither fine nor imprisonment) that the instant citation is invalid. The magistrate's decision to hold appellant guilty and not to impose a sentence or fine was evidently prompted by the evidence showing that the City's own failure to enforce certain parking restrictions caused the sidewalk's disrepair.

Even though some fault might be attributed to the City, the duty to maintain and repair remained that of the appellant. Its failure to fulfill that duty is in no way absolved because of the City's inadequate policing.

We hasten to mention that our conclusion here by no means suggests that the principles of res judicata and collateral estoppel might not apply to a continuing violation under other circumstances. We are mindful that public policy in encouraging compliance with regulations governing the health, safety, and general welfare requires the possibility of sanction as an enforcement device. We do not believe that on the facts before us the legal principles of res judicata and collateral estoppel apply so as to make them inconsistent with this public policy objective.

■■ We do not find that appellant's property has been taken in contravention of its due process rights under the Fifth and Fourteenth Amendments to the U.S. Constitution. Appellant's obligation to maintain the adjacent public sidewalk and curb does not by itself result in a taking, nor does the City's alleged negligence in enforcing the parking restrictions. Moreover, had appellant been earnest in raising the question of a taking, appellant should have instituted proceedings in accordance with the Eminent Domain Code. See Section 502(e) of the Eminent Domain Code, Act of June 22, 1964, Spec.Sess.P.L. 84, *as amended,* 26 P.S. § 1–502(e).

■■ Finally, we have reviewed the entire record and are convinced that Judge Scheib's decision in the bench trial below was based on all the evidence and testimony presented. His opinion makes reference to specific testimony supporting his finding of guilt, and what is more, makes mention of his own efforts to provide an opportunity for appellant to repair the damaged sidewalk and thereby avoid sanctions. We glean from the record that the trial court considered appellant's tactics thereafter dilatory and at the second hearing on appellant's motion for post-trial relief, the court deemed it fruitless to suspend the sentence and fine entered on November 1, 1988. The fine, while being in

the same amount as that ordered previously by the Housing Court, was fixed within Judge Scheib's discretion, and we have found nothing in this record that would disclose an abuse of that discretion.

We, therefore, affirm the judgment and sentence entered against the appellant.

## ORDER

NOW, January 29, 1990, the order of the Court of Common Pleas of Allegheny County, dated November 1, 1988, entered at SA 1728–88, is hereby affirmed.