# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania :
: No. 1298 C.D. 2015
v. : Submitted: January 15, 2016
:
Matthew J. Faith, :
:
Appellant :


BEFORE: HONORABLE ROBERT SIMPSON, Judge
HONORABLE MICHAEL H. WOJCIK, Judge
HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                    FILED: February 23, 2016

Matthew J. Faith (Faith), representing himself, asks whether the Court of Common Pleas of Allegheny County (trial court) erred by adjudicating him guilty of two summary offenses for violating the Borough of West Homestead (Borough) Tenant Occupancy Safety Inspection Ordinance, No. 658 (Ordinance),[1] which requires the inspection of residential rental properties and the issuance and renewal of occupancy permits. Faith contends the trial court's decision is not supported by the evidence. He also asserts the trial court erred because double jeopardy protections precluded the Borough's second prosecution for the same offense. Discerning no error, we affirm.

Faith is the owner of rental properties, located at 236 West Ninth Avenue and 242 West Ninth Avenue (properties), in the Borough. The properties

_____
[1] The Ordinance was enacted on June 14, 2011.

are leased to tenants. Pursuant to the Ordinance, each person who leases a residential rental unit to a tenant must obtain a rental safety occupancy permit, which is issued only after completion of a satisfactory occupancy safety inspection. Sections 8 & 9 of the Ordinance. Allowing the occupancy of a residential rental unit in the absence of a permit is a violation of the Ordinance, which is punishable, upon conviction of a fine not to exceed $1,000. Sections 18(A)(2), (3) of the Ordinance.

In October 2014, the Borough's code enforcement officer sent Faith two notices of violation for not having his properties inspected. The Borough's notices instructed Faith to respond to the Borough within five days. Faith did not respond. In March 2015, the Borough issued two summary citations. Faith pled not guilty. The matter was heard by a magisterial district judge. Faith did not appear. The magisterial district judge found Faith guilty of both offenses and imposed fines in the amount of $1,000 for each violation, plus costs. Faith filed two notices of appeal with the trial court.

The trial court held a non-jury, *de novo* trial on the summary appeals. On behalf of the Borough, Christopher Deasy, its code enforcement officer (Code Officer), testified. The Borough also offered exhibits, including the records of American Water, which the trial court admitted. Faith testified in his own defense.

Code Officer testified American Water's records showed water usage for both properties from May 2014 through June 2015, which indicated the properties were occupied during the relevant time period. Notes of Testimony

(N.T.)[2] at 6; *see* Borough Exhibits 3 & 3A. Despite tenant occupancy, Code Officer testified the properties had not been inspected, and the Borough issued no occupancy permit. N.T. at 4. After issuing the notices of violation, Code Officer gave Faith five months to comply. N.T. at 4-5. When Code Officer issued the citations in March 2015, the tenants were still occupying the properties. N.T. at 6-7, 12.

Faith testified he asked the tenants to vacate both properties, but they refused to leave. N.T. at 8. Faith did not dispute that he did not obtain the rental safety occupancy permits for the properties. Faith testified he was previously convicted of violating the Ordinance in August 2014 for "exactly the same thing." N.T. at 10. With regard to the August 2014 convictions, he acknowledged the trial court imposed reduced fines and instructed him to take care of the violations or face harsher consequences in the future. N.T. at 10.

At the close of the hearing, the trial court found Faith guilty of both violations. The trial court imposed a fine of $1,000 per property violation for a total fine of $2,000, plus costs. In the supporting opinion,[3] the trial court explained Faith did not dispute that the properties were occupied or that he did not obtain the required inspections and permits. Although Faith was previously found guilty of the same offense in August 2014, the trial court determined double jeopardy had

---

[2] N.T. refers to the transcript of the June 23, 2015, summary appeal hearing.

[3] At the direction of the trial court, Faith filed a concise statement of errors complained of on appeal. Although Faith's statement was untimely filed, the trial court nevertheless considered it.

not attached because the violations are continuing. The instant violations occurred after Faith was found guilty in August 2014 of prior violations. This appeal followed.

On appeal,[4] Faith contends the trial court erred by finding him guilty. Faith maintains the Borough did not present sufficient evidence to prove the violations. According to Faith, he did not ignore contacts by the Borough regarding the inspection of the properties. He asserts the use of water on the properties is not sufficient proof that he did not comply with the inspection request.[5] In addition, Faith contends the trial court's decision should be reversed on double jeopardy grounds because he was previously prosecuted and adjudicated guilty for the same offense.[6]

---

[4] Where the trial court receives additional evidence in deciding whether there was a summary violation of an ordinance, our review is limited to determining whether constitutional rights were violated or whether the trial court abused its discretion or committed an error of law. *Borough of Walnutport v. Dennis*, 114 A.3d 11, 17 n.5 (Pa. Cmwlth. 2015).

[5] In addition, Faith avers he filed required forms with the Borough regarding occupancy, which he attached to his brief as "Exhibit A." However, this evidence was not made part of the certified record. We will not consider documents attached to a brief that are not part of the certified record. *Pennsylvania Department of Education v. Bagwell*, 114 A.3d 1113, 1120 (Pa. Cmwlth. 2015).

[6] In his statement of questions involved, Faith asserts the Borough lacked jurisdiction to enforce the inspection of one rental unit because it was occupied for a period of 16 years by the same tenant – long before the Ordinance regarding inspections was enacted. Appellant's Brief at 2. However, Faith does not develop this argument in his brief or present any legal authority in support. Consequently, the issue is waived. *See Wirth v. Commonwealth*, 95 A.3d 822, 837 (Pa. 2014), *certiorari denied, Houssels v. Pennsylvania*, __ U.S. __, 135 S. Ct. 1405 (2015) (claims not sufficiently developed in brief are waived).

In summary offense cases, the prosecution is required to establish a person's guilt beyond a reasonable doubt. *Borough of Walnutport v. Dennis*, 114 A.3d 11, 22 (Pa. Cmwlth. 2015). The test for evaluating the sufficiency of the evidence in a conviction for a summary offense is:

> whether, viewing all the evidence admitted at trial, together with all reasonable inferences therefrom, in the light most favorable to the prosecution, the trier of fact could have found that each element of the offense charged was supported by evidence and inferences sufficient in law to prove guilt beyond a reasonable doubt.

*Id.* (citing *Commonwealth v. Geatti*, 35 A.3d 798 (Pa. Cmwlth. 2011)).

Section 8 of the Ordinance provides no person shall rent or lease a residential rental unit until after the Borough completes a successful inspection and issues a rental safety occupancy permit. The Ordinance further provides: "A separate offense shall be deemed committed each day during on or which a violation of non-compliance occurs or continues." Section 18(B) of the Ordinance. The purpose of the Ordinance is to promote, protect and facilitate the quality of rental housing within the community. Section 4 of the Ordinance.

In essence, in order to show Faith violated the Ordinance, the Borough needed to prove Faith was the owner of residential rental units, the units were occupied by tenants, and Faith did not obtain a rental safety occupancy permit for those units. Section 8 of the Ordinance.

5

Here, Faith does not dispute that he is the owner of the properties. Additionally, Faith admitted both properties were occupied by tenants. N.T. at 11-12. Although Faith asked the tenants to leave, he did not timely undertake eviction proceedings to remove them. N.T. at 11-12; *see* Appellant's Brief at 5 ("There was no basis for immediate eviction ...."). The tenants continued to occupy the properties, even though Faith did not obtain the necessary rental safety occupancy permits, despite receiving notices from the Borough to do so.

Insofar as Faith asserts he did not ignore contacts by the Borough regarding the inspection of the properties, he did not have the properties inspected. To the extent Faith claims the use of water on the property is insufficient proof to show the properties were occupied, Faith's own testimony that the tenants would not leave tends to establish that the properties were occupied. N.T. at 11-12. Although Faith asserted one property was vacant at the time of the hearing, Appellant's Brief at 5, the issue before the trial court was whether the property was occupied at the time the citations were issued. *See* N.T. at 9, 11-13. According to Faith and the Code Officer, the properties were occupied when the citations were issued. N.T. at 11-13. Upon review, the trial court did not err in determining the Borough presented sufficient evidence to prove the offense.

As for Faith's double jeopardy claims, double jeopardy protections prohibit a second prosecution for the same offense. *See* U.S. CONST. amend. V; PA. CONST. art. I, §10; Section 109(1) of the Crimes Code, 18 Pa. C.S. §109(1). This rule barring retrial is confined to cases where the prosecution's failure to meet its burden is clear, and a second trial would merely afford the prosecution another

6

opportunity to supply evidence that it failed to put forth in the first proceeding. *Commonwealth v. Gibbons*, 784 A.2d 776, 778 (Pa. 2001); *Dennis*, 114 A.3d at 19. "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Commonwealth v. Baldwin*, 985 A.2d 830, 836 (Pa. 2009) (quoting *Blockburger v. United States,* 284 U.S. 299, 304 (1932)). Double jeopardy protections do not bar successive prosecutions based upon "temporally distinct actions." *Commonwealth v. Roefaro*, 691 A.2d 472, 474 (Pa. Super. 1997).

Recently, this Court held double jeopardy protections may be asserted for a violation of a municipal ordinance. *Dennis*, 114 A.3d at 19. Although local ordinance violations are not listed as "crimes" in the Crimes Code, they are treated as criminal violations because they can result in the imposition of criminal penalties. *Id.* Thus, those prosecuted for violating municipal ordinances that provide for criminal penalties are afforded basic protections available to criminal defendants generally, including double jeopardy protections. *Id.*

Under the Crimes Code, a prosecution for a violation of the same provision of a statute, based on the same facts as a former prosecution, is barred if the former prosecution resulted in an acquittal or conviction or was terminated. 18 Pa. C.S. §109. Even where a prosecution is for a violation of a different provision of the statute or is based on different facts, it is likewise barred if such former prosecution resulted in an acquittal or in a conviction and the subsequent prosecution is for:

7

(i) any offense of which the defendant could have been convicted on the first prosecution;

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense; or

(iii) the same conduct, unless:

    (A) the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil; or

    (B) the second offense was not consummated when the former trial began.

18 Pa. C.S. §110.

Here, although Faith was previously found guilty in 2014 for violating the same Ordinance provision in connection with the same properties, the current citation implicates a different time period. Regarding the current citations, the Borough cited Faith for failing to comply with the tenant occupancy safety inspections as of March 3, 2015, after issuing him notices of violation on October 7, 2014. N.T. at 7; Borough's Exhibit 1A. The prior citations related to violations occurring prior to August 2014. N.T. at 10. Under the Ordinance, "a separate offense shall be deemed committed *each day* during or on which a violation or non-compliance occurs or continues." Section 18(B) of the Ordinance (emphasis

8

added). As the violations are temporally distinct, they are separate offenses under the Ordinance. *See id.*; *see also Roefaro*.

Moreover, the Borough waited five months to file the citations after giving Faith notices of violation and an opportunity to abate in October 2014. Five months was a reasonable time for Faith to abate the violations. *See Chartiers Valley Industrial and Commercial Development Authority v. City of Pittsburgh*, 569 A.2d 405, 408 (Pa. Cmwlth.), *appeal denied*, 582 A.2d 325 (Pa. 1990) (citations did not give rise to double jeopardy violation where defendant was afforded reasonable time between citations to correct the condition).

Upon review, the trial court did not err in determining double jeopardy protections did not attach. As we explained in *Dennis*, "[t]o conclude otherwise would essentially give [the defendant] a free pass ...." to continue renting the properties without inspections or occupancy permits in violation of the Ordinance. 114 A.3d at 20.

Accordingly, we affirm.

_____
MICHAEL H. WOJCIK, Judge

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania     :
                              : No. 1298 C.D. 2015
           v.                :
                              :
Matthew J. Faith,                :
                              :
                 Appellant     :

## O R D E R

AND NOW, this 23rd day of February, 2016, the order of the Court of Common Pleas of Allegheny County, dated June 23, 2015, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge