J-S15022-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RUSSELL A. WALLERY, | |
| Appellant | No. 3243 EDA 2014 |

Appeal from the PCRA Order of October 22, 2014
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0001596-2009

BEFORE:  BENDER, P.J.E., OLSON and PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED MARCH 07, 2016**

Appellant, Russell A. Wallery, appeals from the order entered on October 22, 2014, dismissing his first petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We remand for the filing of a counseled concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

The PCRA court briefly summarized the facts and procedural history of this case as follows:

> On July 16, 2010, [Appellant] was convicted by a jury of his peers [of] one count of rape of a child (18 Pa.C.S.A. § 3121(c)); one count of involuntary deviate sexual intercourse (18 Pa.C.S.A. § 2123(a)(7)); one count of indecent assault (18 Pa.C.S.A. § 3126(a)(7)); and one count of corruption of minors (18 Pa.C.S.A. § 6301(a)(1)), in connection with allegations of sexual contact with the minor daughter of his live-in companion.  Subsequent to the verdict, [Appellant] was evaluated by a member of the Sexual Offender Assessment Board, and on October 14,

*Retired Senior Judge assigned to the Superior Court.

2010, a hearing was held … [and, upon] consideration of the evidence presented, the [trial] court adjudged [Appellant] a sexually violent predator. Thereafter, he was sentenced for his crimes to an aggregate term of twenty-seven (27) to fifty-four (54) years of imprisonment.

[Appellant] filed timely post-sentence motions on October 22, 2010. The [trial] court entered an order denying the motions on February 21, 2011. On March 18, 2011, [Appellant] appealed [his judgment of sentence]. [We] issued a ruling on June 19, 2012, [affirming Appellant's] convictions on all charges[.] However, [we] vacated and remanded the sentence of twelve (12) to twenty-four (24) years [of imprisonment] on the charge of involuntary deviate sexual intercourse ("IDSI") for the purpose of allowing [the trial] court to place its reasons for the aggravated sentence on the record.

The [trial] court held a resentencing hearing as to the IDSI charge on August 17, 2012 at which time the [trial] court imposed the same sentence of twelve (12) to twenty-four (24) years [of imprisonment] upon [Appellant], stating its reasons on the record. On August 27, 2012, [Appellant] filed [for reconsideration], which [the trial] court denied by an order entered on October 5, 2012.

On August 14, 2013, [Appellant] filed a *pro se* petition for [PCRA relief]. Upon receipt of the petition, the [PCRA] court appointed counsel to represent [Appellant]. Attendant with that appointment, counsel sought and obtained certain records in furtherance of [Appellant's] claims, which required that the hearing on [Appellant's] petition be continued several times. A hearing was ultimately held on June 24, 2014. Contemporaneously with the date of the hearing, [Appellant] filed a supplemental PCRA petition through counsel for the purpose of more fully setting forth the issues raised during the hearing. On October 22, 2014, the [PCRA] court denied [Appellant's] PCRA petition[.]

PCRA Court Opinion, 1/13/2015, at 1-2 (superfluous capitalization omitted).

Thereafter, on November 14, 2014, Appellant filed a *pro se* notice of appeal, despite still being represented by counsel.[1] The trial court docket indicates that the clerk of courts forwarded a copy of the *pro se* notice of appeal to Appellant's counsel of record.[2] Appointed PCRA counsel took no further action. Subsequently, on November 20, 2014, the PCRA court entered an order pursuant to Pa.R.A.P. 1925(b) directing Appellant to file a concise statement of errors complained of on appeal within 21 days. The docket reflects that the PCRA court sent the Rule 1925(b) order directly to Appellant, but not to appointed counsel. Appellant then filed a *pro se* Rule 1925(b) statement that was timely under the prisoner mailbox rule.[3] The docket reflects that appointed counsel did not receive a copy of the *pro se* Rule 1925(b) statement. The PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a) on January 13, 2015.

---

[1] There is no indication that appointed PCRA counsel ever sought to withdraw.

[2] As discussed at length **infra**, our Prothonotary entered a *per curiam* order directing the PCRA court to explain Appellant's representation status, because while Appellant proceeded *pro se*, counsel of record had not been permitted to withdraw. That *per curiam* order states, "there is no indication on the docket that the PCRA court forwarded Appellant's *pro se* notice of appeal" to counsel of record. **See** Order, 6/23/2015, at 1 (unpaginated). However, upon closer inspection of the PCRA court's docket, there is a notation indicating that notice of appeal was sent to counsel. **See** Northhampton County Criminal Docket #CP-48-CR-0001596-2009, at 23.

[3] "Under the prisoner mailbox rule, we deem a *pro se* document filed on the date it is placed in the hands of prison authorities for mailing." **See Commonwealth v. Crawford**, 17 A.3d 1279, 1281 (Pa. Super. 2011).

On January 20, 2015, our Prothonotary issued a briefing schedule. On March 2, 2015, April 16, 2015, and June 15, 2015, Appellant submitted *pro se* requests for extensions to file his appellate brief. We granted the first two extension requests. With regard to the third request, Appellant averred he may be represented by counsel. Accordingly, our Prothonotary entered a *per curiam* order on June 23, 2015, directing the PCRA court to explain the status of Appellant's representation within 14 days. In that *per curiam* order, this Court recognized that PCRA counsel was listed as Appellant's counsel of record and there was no indication that he received permission to withdraw. We further noted, as explained above, that the PCRA court directed its Pa.R.A.P. 1925(b) statement to Appellant and Appellant subsequently filed a *pro se* Rule 1925(b) statement. Further, while the PCRA court's January 2015 Rule 1925(a) opinion states Appellant sought new appellate counsel, the court accepted the request, and entered a separate order of court making a new appointment, no such documentation appears in the certified record. Thus, we ordered the PCRA court to notify our Prothonotary, in writing, of Appellant's representation status within 14 days. Thereafter, pursuant to the order of our Prothonotary, on June 26, 2015, the PCRA court entered an order removing prior PCRA counsel and appointing Tyree Blair, Esquire, as new counsel for Appellant. That order was filed with this Court on July 2, 2015. Subsequently, on November 25, 2015, Attorney Blair filed a brief on behalf of Appellant with this Court,

presenting issues related solely to original PCRA counsel's alleged ineffectiveness.

"Our standard of review of an order granting or denying relief under the PCRA requires us to determine whether the decision of the PCRA court is supported by the evidence of record and is free of legal error." ***Commonwealth v. Melendez-Negron***, 123 A.3d 1087, 1090 (Pa. Super. 2015).

Here, we conclude the PCRA court erred by accepting Appellant's *pro se* Rule 1925(b) statement while he was still represented by counsel and compounded its error by issuing a subsequent Rule 1925(a) opinion based upon the *pro se* filing. Our Supreme Court recently stated:

> What our jurisprudence has consistently prohibited at both trial and appellate levels when strategic disagreements arise between defendant and counsel is the option of hybrid representation, where an otherwise represented defendant acts as *de facto* co-counsel exercising control over parts of the defense. [***See Commonwealth v. Ellis***, 626 A.2d 1137 (Pa. 1993)] (holding there is no right to hybrid representation on appeal); ***cf Commonwealth v. Cooper***, 27 A.3d 994, 1000 (Pa. 2011) (upholding court's decision to acknowledge and give force to a *pro se* filing from a counseled defendant where it dovetailed with counsel's strategy and where counsel ultimately adopted it)[;] ***See also*** Pennsylvania Rule of Appellate Procedure 3304. Hybrid Representation [("Where a litigant is represented by an attorney before the Court and the litigant submits for filing a petition, motion, brief or any other type of pleading in the matter, it shall not be docketed but forwarded to counsel of record.")] The purpose behind the policy is to promote efficiency in representation and to avoid conflicting strategies in the defense. ***Id.*** In the event a represented defendant presents a *pro se* pleading, motion, or filing to the court, therefore, **the court shall not entertain it** but

shall, instead, forward it to counsel who may then decide whether to act on the defendant's concern. ***Ellis, supra.***

***Commonwealth v. Mason***, 2015 WL 9485173, at *49 (Pa. 2015) (footnote incorporated) (emphasis supplied). "Generally, *pro se* filings by a defendant who at the time of filing is represented by counsel are considered legal nullities." ***Commonwealth v. Leatherby***, 116 A.3d 73, 86 (Pa. Super. 2015) (citation omitted). "[Because] [A]ppellant was represented by counsel on appeal, [] his *pro se* Rule 1925(b) statement was a legal nullity." ***Commonwealth v. Ali***, 10 A.3d 282, 293, (Pa. 2010), *citing* ***Commonwealth v. Ellis***, 626 A.2d 1137, 1139, 1141 (Pa. 1993).

Here, Appellant was still represented by PCRA counsel at the time he filed his *pro se* Rule 1925(b) statement.[4] Thus, the *pro se* filing was a legal nullity. Accordingly, we are constrained to remand this case and its record

---

[4] We also recognize that Appellant was represented by counsel when he filed his *pro se* notice of appeal. However, the *pro se* notice of appeal was forwarded to PCRA counsel who, in turn, did nothing further. We find, therefore, the *pro se* filing does not offend the rule prohibiting hybrid representation, because PCRA counsel effectively abandoned Appellant. ***See Leatherby***, 116 A.3d at 79 ("Leatherby was effectively abandoned by counsel and the trial court failed to timely appoint new counsel, Leatherby's *pro se* filing does not offend considerations of hybrid representation."). "[An appellant] should not be precluded from appellate review based on what was, in effect, an administrative breakdown on the part of the trial court." ***Id.*** Thus, we conclude that Appellant preserved his appellate rights by filing a *pro se* notice of appeal, despite his representation. "To conclude otherwise would result in a miscarriage of justice." ***Id.***, *citing* ***Chartiers Valley Industrial & Commercial Dev. Authority v. City of Pittsburgh***, 569 A.2d 405 (Pa. Cmwlth. 1990) (where breakdown in court processes interferes with post trial proceedings resulting in the expiration of the period for appeal, justice requires appellate review of the merits so as not to unjustly penalize appellant for circumstances beyond its control).

to the PCRA court for the filing of a counseled Rule 1925(b) statement. Hence, we direct appointed counsel, Tyree Blair, Esquire to file a counseled Rule 1925(b) statement with the PCRA court within 30 days of the date of this order. Once counsel files a new Rule 1925(b) statement, the PCRA court has 30 days from the date of that filing to issue a Rule 1925(a) opinion. Thereafter, upon return of the record to this Court, we direct our Prothonotary to establish a new briefing schedule.

Case and record remanded for filings consistent with this memorandum. Jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/7/2016